### Ex Parte Morris Alford.

No. 8691. · Decided May 7, 1924.

**Habeas Corpus—Bail—Matter of Right, When.**

Bail is a matter of right unless the evidence is clear and strong leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that accused is the guilty agent, and that he would probably be punished capitally if the law is administered, and relator is given bail. Following: Ex Parte Smith, 23 Texas Crim. App., 125, and other cases.

Appeal from the District Court of Bowie. Tried below before the Honorable Hugh Carney.

Appeal from a habeas corpus proceeding denying bail.

The opinion states the case.

*Sid Crumpton* and *E. L. Lincoln,* for defendant.—Cited cases in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Relator, being held under a commitment from the justice of the peace upon a charge for the murder of one Levy Williams, made application for habeas corpus hearing before the district judge, averring that the evidence was insufficient to hold him without bail. From an order of the judge denying bail this appeal is brought.

The homicide occurred after dark on the date of April 6, 1924. In the afternoon of that day Homer Kirby, Jim DeFee, Henry Alford and Morris Alford (relator) were riding in Kirby's car. They obtained some whisky and all of them became more or less intoxicated. Kirby and DeFee were used as witnesses by the State. Kirby's testimony was that DeFee was drunk, and that he (witness) drove the car to the mouth of an alley upon which DeFee's premises abutted; that the two Alfords left the car to take DeFee up the alley to his home; that witness was somewhat under the influence of liquor himself, and after they left the car he put his head over on the steering wheel and went to sleep; that before he knew the Alfords had returned to the car he heard some shooting which at the time he thought was an automobile backfiring; that after getting in the car the Alfords waked him up and said, "Let's go home." DeFee corroborates Kirby's testimony, except that he was in such a state of intoxication that he was unable to say whether one or both of the Alfords left the car to see that he reached home safely, but says that after going up the alley a short distance he told whoever was with him that he could make it in home and left the party or parties in the alley; that he had reached his premises and was passing through a barn when he heard the shooting. A colored woman whose premises abutted on the alley, hearing a noise and thinking it was upon her property, went into the back yard and saw one man in the alley on the ground and heard another telling him to come on, that the "law would get him," the one upon the ground responding "damn the law." She went to another part of her premises and saw two men emerge from the alley and heard one of them tell the other to get in the car, one remaining at the back of the car; about that time the deceased Levy Williams came down the street and she heard someone say to him, "Get along, you son-of-a-bitch"; that immediately thereafter three shots were fired by the man on the ground, one of which took effect and caused the death of Williams. It was dark and this witness knew none of the parties and could not identify the party doing the shooting. According to the testimony of other eyewitnesses there were two men at the back of the car and the shooting came from one of the two, but they were also unable to identify either of the parties, or to know which was doing the shooting.

It is clear from the evidence that the shooting was a wanton affair. It appears affirmatively from the testimony of Kirby and DeFee that there was no conspiracy on the part of anyone to harm Williams or anybody else, and there is nothing in the record to suggest that either of the Alfords knew Williams or had any enmity against him, or that there had ever been any previous ill-will toward, or difficulty with him. It is also fairly deducible from the record that either Henry Alford or relator fired the shot that killed Williams, but "the proof is not evident" that relator is the one who did the shooting. If Henry Alford fired the shots there is no evidence that relator knew of his unlawful intent or was acting with him in the unlawful act, or was encouraging or aiding him therein. It is true if Henry Alford fired the shot relator was present at the time, but the bare presence of a party at the scene of the commission of a crime is not sufficient to show his guilty connection therewith.

Bail is a matter of right unless the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that accused is the guilty agent, and that he would probably be punished capitally if the law is administered. Ex parte Smith, 23 Texas Crim. App. Rep., 125, 5 S. W., 99; Ex parte Russell, 160 S. W., 76; Ex Parte Francis, 91 Texas Crim. Rep., 398, 239 S. W., 957.

The judgment denying bail is reversed, and bail fixed at $7,500.

*Bail granted.*