Ex Parte James Powell.

No. 11332.   Delivered October 12, 1927.

**1.—Habeas Corpus—Right to Bail—Rule Stated.**

It has been uniformly held by this court that under the Constitution and statutes of this state that bail is a matter of right, unless the evidence is clear and strong, leaving a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered.   See Ex Parte Alford, 261 S. W. 1041.

**2.—Same—Continued.**

Viewing the record before us in this case, it does not impress this court that upon a fair trial by a fair jury they would likely inflict the death penalty and bail is granted in the sum of $5,000.

Appeal from the District Court of Atascosa County.   Tried below before the Hon. W. O. Murray, Jr., Judge.

Appeal from an order denying bail to appellant.   Bail granted in the sum of $5,000.

The opinion states the case.

*Douglas, Carter & Black* of San Antonio, for appellant.   On right to bail, appellant cites:   Ex Parte Crawford, 265 S. W. 906; Ex Parte Alford, 261 S. W. 1041; Ex Parte Grayson, 284 S. W. 552 and 553; Ex Parte Feray, 279 S. W. 470; Ex Parte Francis, 239 S. W. 958; Ex Parte Bates, 235 S. W. 879.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

CHRISTIAN, Judge.—The appeal is from an order denying bail.   Appellant is charged by complaint with the offense of murder.

Bail is a matter of right unless the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered.   Ex Parte Alford, 261 S. W. 1041.   The testimony before us in this case does not make evident the fact that upon a trial a fair jury, considering such testimony, would likely inflict the death penalty.   The state offered no proof of a motive for the killing, and as far as the record reflects the facts, the killing is apparently without an explanation.   See Ex Parte Feray, 279 S. W. 470.   The

burden is on the state to show that accused is not entitled to bail. Otherwise he is entitled to bail as a matter of right. Art. 1, Sec. 11, Constitution of Texas. The case may not have been fully developed by the state, but there being a failure to discharge the burden resting upon it, we must hold that the court committed error in denying bail.

The judgment denying bail is reversed, and bail granted in the sum of five thousand dollars.                    *Bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.