Ex Parte Lloyd Carter and Frank Miller.

No. 12065. Delivered October 10, 1928.

The opinion states the case.

No brief filed for appellants.

*A. A. Dawson* of Canton, State's Attorney, for the state.

CHRISTIAN, JUDGE.—This is an appeal from an order of the district judge refusing bail.

Relators are charged by indictment with the murder of John Laing. It is averred that they killed deceased by striking and wounding him with an iron rod. On May 17th, 1928 deceased and his wife came from Houston to Lufkin in an automobile, stopping at a house near Lufkin where they spent the night. Deceased was killed in this house on the date last mentioned. It appears that the wife of deceased and two of his children were severely wounded. It is not shown that they were attacked on the same occasion that deceased was killed. No witness described the wounds inflicted upon deceased. It is agreed that he had been killed by some person or persons. Relators were in Lufkin on the date of the homicide, and shortly prior to the homicide were seeking deceased. On the night of the homicide relators were seen about six hundred feet from where deceased was killed. When arrested some car tools were found in the car driven by relators. The wife of deceased testified that a wrench found in the possession of relators belonged to her husband and had been in his car shortly before the homicide. Witnesses for relators testified that the wrench was owned by and had been in possession of one of the relators long prior to the homicide. When arrested relators had spots on their clothing. The nature of the spots is not disclosed. The state offered no proof of a motive for the killing, and as far as the record reflects the facts, the killing is apparently without an explanation. Moreover, the evidence is not sufficiently clear and strong to lead a well-guarded and dispassionate judgment to the conclusion that relators are the guilty agents.

Bail is a matter of right unless the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered. Ex parte Alford, 97 Tex. Cr. Rep. 410, 261 S. W. 1041; Ex parte Powell, 298 S. W. 575. The burden is on the state to show that accused is not entitled to bail. Otherwise

he is entitled to bail as a matter of right. Article 1, Section 11, Constitution of Texas; Ex parte Powell, supra. The state having failed to discharge the burden resting upon it, we must hold that the court committed error in denying bail.

The judgment denying bail is reversed and bail allowed relators in the sum of $5,000.00 each.

*Reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.