### Ex parte LANDERS. (No. 12221.)

Court of Criminal Appeals of Texas. Oct. 10, 1928.

I. W. Culp, of Temple, and W. S. Shipp, of Belton, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The appeal is from an order denying bail. Relator is charged by complaint with the offense of murder.

The homes of relator and deceased, Frank Alvey, were separated by a pasture. The testimony of the wife of deceased was as follows: She saw relator driving turkeys across the pasture toward his house. The turkeys belonged to her husband. Relator was accompanied by his brother, Wilson Landers. She notified deceased that relator was driving said turkeys toward his (relator's) house. Deceased called to relator to wait, and walked toward him. After deceased reached relator and Wilson Landers, she heard relator talking in loud and angry tones, but was unable to understand what he

said. While they were talking, she went into her house. When she returned deceased, relator, and his brother were standing near each other. Blood was "streaming" from deceased. She started toward the parties, and relator and Wilson Landers started running away from deceased. Deceased fell to the ground. She did not see any blows pass between the parties, and did not know whether relator or his brother killed deceased. There had never been any ill will between deceased and relator. The state's testimony further showed that deceased died from a knife wound. Other than the foregoing, there are no facts and circumstances in the record to explain the killing.

Bail is a matter of right, unless the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered. Ex parte Alford, 97 Tex. Cr. R. 410, 261 S. W. 1041; Ex parte Powell, 107 Tex. Cr. R. 648, 298 S. W. 575. The burden is on the state to show that accused is not entitled to bail. Otherwise, he is entitled to bail as a matter of right. Article 1, section 11, Constitution of Texas; Ex parte Powell, supra.

The case may not have been fully developed by the state, but the testimony disclosed by the record does not make evident the fact that upon a trial a fair jury, considering such testimony, would likely inflict the death penalty. The state having failed to discharge the burden resting upon it, we must hold that the court committed error in denying bail.

The judgment denying bail is reversed, and bail granted in the sum of $10,000.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.