EX PARTE WILLIE TINDALL.

No. 12486. Delivered February 27, 1929.

The opinion states the case.

*H. L. Edwards* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, *Albert Thomas,* County Attorney of Nacogdoches County, *Jack Varner* and *Adams & McAllister* of Nacogdoches, for the State.

CHRISTIAN, JUDGE.—The appeal is from an order denying bail. Appellant is charged by complaint with the offense of murder.

Appellant shot and killed John Noel Ainsworth. Prior to the killing appellant purchased a box of 45-calibre automatic cartridges on credit. Shortly before the homicide appellant and deceased were

riding together in a truck. A witness for the state heard a shot fired and looked toward the truck. Appellant jumped from the truck and fired a shot. Deceased had two bullet wounds in the head, the entrance of one being on the right side of the head near the eye and the other behind the right ear. The wound near the eye showed powder burns. The other did not. State's witnesses testified that appellant stated to them shortly after the homicide, "I had to; he was trying to cut me with a knife." Pursuant to a conversation the sheriff had with appellant a knife belonging to deceased was found in a pair of overalls at the home of appellant. Deceased had on heavy ducking-backed gloves with gauntlets on them at the time he was killed. The wife of deceased testified that when she last saw deceased on the day he was killed he had in his possession a one dollar bill and two dimes. After appellant was placed in jail, it was found that he had a one dollar bill and two dimes. Shortly before the homicide appellant borrowed fifty cents from a friend. An examination of the effects of deceased disclosed that he had a dime in his pocket. At the time appellant was found with the money referred to, he was "shooting dice" with a prisoner in jail. It was not shown whether he had won the money from the prisoner.

If appellant's statement relative to the homicide be rejected, we have an unexplained killing. It is true that a witness testified to having seen appellant fire a shot at the time deceased was killed, but no witness testified to the facts and circumstances leading up to the killing. Ex parte Cole, 230 S. W. 175; Ex parte Feray, 279 S. W. 470. The testimony before us does not make evident the fact that upon a trial a fair jury, considering such testimony, would inflict the death penalty.

The burden is on the state to show that accused is not entitled to bail. Otherwise he is entitled to bail as a matter of right. Article 1, Section 11, Constitution of Texas; Ex parte Powell, 298 S. W. 575. There being a failure on the part of the state to discharge the burden resting upon it, we must hold that the court committed error in denying bail.

The judgment denying bail is reversed and bail granted in the sum of $10,000.00.

*Reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.