Ex Parte Frank Poston.

No. 14906.   Delivered October 21, 1931.

The opinion states the case.

*Emmett Shelton* and *Wright Stubbs,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an appeal from an order of the district judge of the 126th district court refusing appellant bail and remanding him to the custody of the sheriff.

The state's attorney before this court calls our attention to the fact that the transcript herein shows to have been delivered by the clerk of the trial court to appellant's counsel and not to have been sent by said clerk in the manner prescribed by law to the clerk of this court.

This court cannot consider a transcript under such showing. Article 843, Code of Criminal Procedure; Ex parte Ybarra, 117 Texas Crim. Rep., 17, 36 S. W. (2d) 180; Pilot v. State, 38 Texas Crim. Rep., 515, 43 S. W., 112; Lowrey v. State, 92 Texas Crim. Rep., 311, 244 S. W., 147.

The appeal will be dismissed with permission granted to the district clerk to withdraw said transcript and to prepare and forward a new and

complete transcript of said case to this court in the mode and manner prescribed by law.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON THE MERITS.

CALHOUN, JUDGE.—On a former day of this term, this appeal was dismissed for the failure to file a transcript in the mode and manner provided by statutes. Permission was granted to .the district clerk of Travis county to withdraw same and prepare and file a new and complete transcript in compliance with the statutes. This having been done, this appeal will now be considered upon its merits.

This is an appeal from the order of the district judge of the 126th district court of Travis county denying bail to appellant. The appellant was indicted for the unlawful killing of one Reuben Hollingsworth. On the hearing of appellant's application for bail, it was undisputed by the defense that appellant shot and killed the said Hollingsworth. The only evidence offered by the state as to how the killing occurred was the testimony of J. C. Hollingsworth, the father of the deceased. He testified that he and his son lived close to the appellant; that they had bought some land from him and had been accustomed to getting water from appellant's well and that·appellant had agreed (up to the time of the homicide) to deceased and witness getting water from the appellant's well. On the day of the killing, the witness Hollingsworth testified that he was cutting wood when he heard the gun fire and that he walked over to Frank Poston's place and saw his boy lying on the inside of the gate (which later testimony developed to be upon appellant's property). He further testified that he heard some kind of a racket and that when he got up to where his son was, or approximately thereto, the appellant ordered him to get back across the road. The witness stated that he said to the appellant, "You have killed my boy", and the appellant replied, "Yes, you have come over here to kill me", and ordered him not to touch the deceased. He further testified that it was about dark and that the killing occurred on June 4th, 1931. That he then went on down to a neighbor's house to get help.

So far as the record discloses, the only eye-witness to the actual killing was the wife and son of the appellant. They testified that the appellant acted in self-defense. We deem it unnecessary to enter into a full discussion of their evidence upon a proceeding such as this. It is apparent, however, from the evidence adduced upon the hearing that upon the trial heretof, the court will be called upon to submit the issue of self-defense. The burden is on the state to show ·that accused is not entitled

to bail as a matter of right under the Constitution of Texas, art. 1, sec. 11; see Ex parte Powell, 107 Texas Crim. Rep., 648, 298 S. W., 575; Ex parte Tindall, 111 Texas Crim. Rep., 444, 15 S. W. (2d) 24.

There was no proof offered as to the ability of appellant to make bond. The evidence before us in this record does not make evident the fact that upon a trial, a jury considering such testimony would inflict the death penalty.

For that reason, the judgment denying appellant bail is reversed and bail granted in the sum of seventy-five hundred dolars ($7,500).

*Judgment reversed and bail granted in sum of $7,500.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.