## Ex Parte Ollie Carter.

No. 15046. Delivered December 23, 1931.

The opinion states the case.

*Bismark Pope* and *Phelps & Phelps,* all of Laredo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—This is an appeal from the refusal of bail. It appears that the appellant was charged with murder. He was denied bail by the examining court, and upon the hearing of the writ of habeas corpus, bail was also refused him.

A recital of the evidence in detail is deemed unnecessary. There is found in the statement of facts a written statement taken from the appellant in which he explains the killing in a manner which, if true, exculpates him. It is conceded by the state's attorney before this court that the evidence does not reveal a case in which there is "proof evident" such as would justify the holding of the appellant without bail. To refute the exculpatory statements the burden rests upon the state. The Constitution makes all cases bailable save capital cases in which the proof is evident, and the duty is on the state to show that the bail should be denied. See Const., art 1, sec. 11; Ex parte Alford, 97 Texas Crim. Rep., 410, 261 S. W., 104, and cases cited. Denial of bail would be justified only on the theory that a jury, in the discharge of its, duty, would probably assess the death penalty.

The judgment is reversed and the relator ordered discharged upon the execution of a bail bond in accord with the law in the sum of $5,000.

*Reversed and relator ordered discharged upon execution of bail bond.*