## EX PARTE MARTIN D. SALAZAR.

No. 23957. Delivered November 26, 1947.

·Tom M. Shaw, of Dallas, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Relator was charged by indictment returned to the Criminal District Court of Dallas County with the offense of murder and was being held in custody by the sheriff of said county. Thereupon, relator filed an application for a writ of habeas corpus and presented the same to the Hon. Robert A. Hall, Judge of said court, who upon a hearing thereon, remanded relator to the custody of the sheriff without benefit of bail.

The record discloses that he is charged with the murder of one Thomas Gentry Taylor. The offense is alleged to have been committed on or about 10:30 P. M., September 30, 1947. The State's first witness was a detective of the City of Dallas who testified to an oral statement made to him by relator to the effect that he was in a beer joint at Wichita and Alamo Streets on the night in question with one Umberto Valtiero where they each drank a bottle of beer; that during the said time the deceased came in and drank a bottle of beer and then left the premises; that Umberto got up and started out after the deceased; that relator also left; that Umberto caught the deceased by the arm and led him down Alamo Street; that when Um-

berto seized the deceased, relator was behind him; that they went down to the next block, turned to the right, then went up an alley, but relator stated to the detective that he was about 15 feet from Umberto when he set the deceased down on the ground. He further stated that the relator said that he did not participate in the crime.

The State's next witness was Jesse Hill who ran the beer tavern on Alamo Street. He testified in substance that he saw Taylor in his place of business on the night in question; that Taylor had on a white shirt and a plaid shirt; that the plaid shirt was worn over the white shirt; that he also wore a brown hat; that the last time he saw the deceased was about 10:05 or 10:10; that some time later he saw the deceased's body at Parkland Hospital at which time he had on a white shirt, but the witness didn't see anything of the brown hat or the plaid shirt.

The State's next and last witness was Mary Ann Rogers who was a waitress at the beer tavern on the night in question. She testified that Umberto Valtiero and relator came into the beer tavern, took a seat at the counter, and Umberto ordered two beers which she served them; that she did not see them when they left; that some time later, they both returned to the beer tavern and Umberto asked her if she would keep a package for him which she agreed to do; that it was wrapped in newspaper and she put it under the counter, but after Umberto had left, she looked in the package and saw that it contained a red plaid shirt; that he later came back for the package. This is substantially the testimony introduced by the State .

It occurs to us that under the facts disclosed by the record the relator is entitled to bail. Art. I, Sec. 11, of the Bill of Rights of our Constitution provides as follows: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident."

In the case of Ex Parte Alford, 261 S. W. 1041, Judge Hawkins speaking for this Court said "Bail is a matter of right unless the evidence is clear and strong leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that accused is the guilty agent, and that he would probably be punished capitally if the law is administered," citing a number of cases in support of the doctrine announced. In our opinion, the proof in this case is not evident as that term has been defined by this Court. See Ex Parte

Boyett, 19 Tex. App. R. 17; and Ex Parte Russell, 71 Tex. Cr. R. 378.

There is not any evidence in the record from which we might determine the amount of bail he would be able to make. There is, however, in the transcript an affidavit by him to the effect that he was unable to pay for a statement of facts and he requested the court to order the court reporter to make it, but this is not any evidence by which we might determine his ability to make a bond in any substantial amount. Appellants in cases of this nature should always offer some evidence showing the amount of bail they would be able to make.

Having reached the conclusion that appellant is entitled to bail, the judgment denying bail is reversed and bail is fixed at the sum of $2,500.00. Upon the giving of such bond under the terms of the law, to be approved by the officer having him in custody, he will be released.

Opinion approved by the Court.