### EX PARTE DAVE AUGUSTINE.

*No. 723.   Decided October 21.*

1. **Habeas Corpus—Right to Bail Under Second Indictment for Same Capital Offense.**—Where it appeared, on habeas corpus, that the accused had been indicted for murder and admitted to bail, and that the indictment had been subsequently dismissed and a new one for the same crime afterwards presented, under which accused was arrested and denied bail, *held error.*  A person charged with a capital offense having once been admitted to bail after indictment found, whether the bail be granted on the facts or on account of ill health, can not be again placed and held in custody for the same offense under a new indictment without the right to bail.

2. **Same—Res Adjudicata.**—When bail has once been granted after indictment found, it is beyond the power of the State to rearrest for that offense under a new indictment, and refuse bail, the right to bail being res adjudicata.

3. **Same—Judgment Final.**—A judgment granting bail is final as to the State, and even to the accused, unless he should seek to reduce the amount of bail granted by appeal or otherwise.

APPEAL from the District Court of Gonzales.   Tried below before Hon. B. R. ABERNATHY, Special Judge.

This appeal is from a refusal of the court below to grant defendant bail under a writ of habeas corpus.   The case is fully stated in the opinion.   The material facts concerning the murder will be found in the case of Cox et al. v. The State, 8 Texas Crim. App., 254.

*Kleberg & Crain,* and *Glass & Burgess,* for relator.—1. When the State of Texas dismisses a prosecution for a capital offense against the accused because it has not legal grounds for a further continuance of the cause on account of absent witnesses, and after eight or nine years reindicts the accused for the same offense and again continues the cause, the accused, if not entitled to his discharge, is, under the principles of justice and fair dealing, and under the Constitution and laws of Texas which guarantee him a speedy public trial, entitled to bail. Const., art. 1, secs. 10, 11, 12, 13, 14, 19; Venters v. The State, 18 Texas Crim. App., 210; Code Crim. Proc., art. 1, subdiv. 3; Id., arts.

3, 4; Rutherford v. The State, 16 Texas Crim. App., 651; Code Crim. Proc., art. 567; Ex Parte Walker, 3 Texas Crim. App., 668.

The State has been granted more than one continuance in this prosecution, unless defendant is held to the technical fact that the case now pending and the one dismissed on the 22d day of January, A. D. 1883, are different cases.   This is true in a technical sense, but not in a legal, truthful, just and liberal sense; for it is admitted that the offense charged in either case is one and the same in every particular.   Will it be contended, then, that because the State has chosen to dismiss its case because it could no longer continue it, that by reindicting the accused for the same offense it had substantially a new case, and there fore could again continue, as it was permitted to do, and not grant defendant bail, and this, too, after the venue of the case had been changed when it was reached in the District Court of De Witt County which operated as a continuance, and after the prosecution had been suspended for nearly nine years?   Such a view of the administration of our criminal laws would indeed be most narrow and hypercritical, not at all in keeping with that broad and liberal construction and spirit in which our legislatures have enacted and our courts have from time to time expounded them, and leading rather to oppression than an enlightened justice.   This would indeed be a legerdemain which our courts should not tolerate, and if it is thus admitted to be one and the same case, it follows when the State formally continued the case the last time in the District Court of Gonzales County that appellant should have been admitted to bail, as the dismissal on January 22, 1883, was tantamount to a continuance.   We may be permitted to conclude our argument on this point by quoting the language of our Court of Appeals in Ex Parte Walker, supra, p. 673: "During all the vicissitudes through which for nearly six years the case has passed (the first indictment in the case at bar had been found in December, 1876, and dismissed in January, 1883), defendants have never once applied for a continuance.   So far as the records show they have always been ready.   Their presence in court to answer to the call of the case whenever it has been called and never seeking delay, was and should be considered as equivalent to an immediate, present and pressing demand for trial.   No formal demand was necessary—they were there to answer the charge of the State against them; the Constitution and laws guaranteed that they should have a speedy trial; but the State, fully apprized by her own laws of the consequences, continued the case a second time."   We submit that the above pointed utterance of the court is entirely applicable to the case at bar.

2.  When a person charged with a capital offense has once been admitted to bail after indictment found, he shall not be subject to be again placed in custody, except on surrender of his sureties, no matter whether such bail was granted on the facts of the case or on

account of ill health; under our laws the doctrine being, "Once bail, always bail."

If it be admitted that the prosecution dismissed January 22, 1883, in Bexar County and the one now pending in Gonzales County are one and the same, then we submit there is no authority of law for holding appellant in custody. While the law is clear and positive that a person who is remanded to custody after indictment found and the investigation of his cause shall not be again entitled to the writ of habeas corpus, except in the special cases mentioned in articles 155 and 189, it is equally clear that a person having once been admitted to bail by a judge or court of competent jurisdiction shall not for the same offense be subject to be again placed in custody. The words, "the cause of the defendant has been investigated," in article 187, can not be limited to the evidence constituting the offense, but must be extended to the broader sense of the entire cause of the defendant, thus including the physical condition of the accused as provided for in article 155. It must mean that after a person is charged by indictment and the cause of his imprisonment has been investigated, either upon the evidence or upon the state of his health, and he has been admitted to bail, he can not be again placed in legal custody; otherwise the law would have provided a proceeding after the accused had recovered his health to again commit him to jail, if the proof of his alleged offense was evident. But there is no warrant or authority of law which would permit or justify the incarceration of a person who has been granted bail on account of ill health, although it were evident that he had fully recovered his health after his release on bail. The accused thus released would appear on his bond from day to day and term to term until discharged, and could not be again placed in custody until his sureties surrendered him, and then he would be permitted to enter into a new bond with good and sufficient sureties. Even though he had forfeited his bond, all that the law could require would be a new bond or recognizance with good and sufficient sureties. How could the court legally order him to jail if he offered good security? Could the court say he has recovered his health, or could it even go into an investigation of the state of his health? If so, by what authority of law? It could simply adhere to its former order admitting the accused to bail, an order which it could neither add to nor take from. In the absence of a legislative enactment it is beyond the power of any court to remand a person to jail who has once been admitted to bail after indictment found. That this is the policy of our law is perfectly apparent. Article 186 of Code of Criminal Procedure provides that a party held to bail under habeas corpus before indictment found shall not be again imprisoned or detained in custody on an accusation for the *same offense* (no matter how many different complaints the prosecution may file) until after he shall have been indicted, unless delivered up by his

bail, etc. A priori, after indictment found and the cause of the defendant has been investigated on habeas corpus, and on allowance of bail, he is not subject to be again placed in custody, no matter how much new and additional evidence the State may find after bail, or how well and robust in health the accused may grow; it being the policy of our law that when a person has once been admitted to bail upon an investigation into his cause either as made by the facts or the state of his health, he shall never again be harassed with imprisonment unless his bail surrender him. Such a policy is founded in reason and justice; for if a person accused of crime could be reincarcerated either upon the discovery of new evidence by the State as to the facts constituting the offense, or that the accused had sufficiently recovered his health to endure imprisonment, trials would be interminable upon such proceedings, and the writ of habeas corpus would offer no protection to the citizen and might as well be abolished. But it is insisted that the case now pending against the appellant, and the one in which he was allowed bail in A. D. 1882, are two distinct cases and prosecutions, and that appellant can not avail himself in this case of the order allowing bail in the other case. Aside from the argument which we have advanced in the former part of this brief, we would call the court's attention to article 186 of our Code of Criminal Procedure, which provides, as already stated for another object, that where a person before indictment found has been discharged or held to bail on habeas corpus by order of a court or judge of competent jurisdiction, he shall not again be imprisoned or detained in custody on an accusation for the same offense until after he shall have been indicted, etc. This must mean that the prosecution can not by additional or new complaints against the accused, charging him with the same offense, compel him to go to jail, if he is once discharged or admitted to bail by a court or judge of competent jurisdiction on habeas corpus; neither should the prosecution be permitted to dismiss, because it can not get a continuance in a case where defendant has been admitted to bail and reindict for the same offense, and insist that the latter case is a new and different prosecution and the accused may be imprisoned and the former order admitting him to bail by a court of competent jurisdiction disregarded. So, in pleas of *autrefois acquit* and *autrefois convict*, the criterion is whether the different prosecutions form one offense, and as to whether these defenses are available. Again, if appellant had once been admitted to bail after indictment found on the evidence constituting the alleged offense, whereupon the indictment had been dismissed and afterwards another indictment found for the same offense, it could not be maintained for a moment that the former order of bail by a competent tribunal would not protect him against imprisonment under the new indictment; otherwise the prosecution could absolutely defeat such order by dismissing the case and finding a new indictment,

and before the prisoner could obtain relief he would have to show that
the prosecution had the purpose and intention of thus defeating the
order granting bail.    The courts would hardly adopt such narrow and
illiberal construction of our laws, but would rather follow the broader
and more liberal view of the law and simply inquire whether the old
and the new indictment were for the same offense and therefore consti-
tuted but one prosecution.

The questions submitted under appellant's several assignments of
error have never been directly passed upon by our higher courts, and
are of first impression and which your honorable court must now
settle, and we respectfully submit that, with due deference for the
ability and integrity of the learned judge who presided in the court
below, your honors will reverse its judgment on the issues submitted
and admit the appellant to bail.

*R. L. Henry*, Assistant Attorney-General, for respondent.

DAVIDSON, JUDGE.—The appellant, having been denied bail,
prosecutes his appeal.   The questions presented are legal, arising upon
an agreed statement of facts, substantially as follows, to wit:   On the
21st of December, 1876, the grand jury of De Witt County preferred
an indictment against appellant and others, charging them with the
murder of Philip Brassell; that on the 29th of the same month the
cause was, on change of venue, transferred to Bexar County; that on
account of sickness, rendering it dangerous to longer confine appellant,
he was admitted to bail in the sum of $10,000, and this occurred in
December, 1882.   The following January, the State, after exhausting
diligence, could not secure the attendance of the witnesses for the
prosecution, and, being unable to longer continue the case, dismissed
it as to relator.   On the 31st day of December, 1891, the grand jury of
De Witt County reindicted the relator for the same murder, and the
venue was changed to Gonzales County, where it was again continued
by the State, on June 25, 1893.

It was admitted, and shown to be true, that the offense charged in the
indictment found in 1876 was identical with that set forth in the bill
preferred in 1891.

We deem it unnecessary to discuss more than one of the legal ques-
tions presented for decision, to wit:   When a person charged with a
capital offense has once been admitted to bail after indictment found,
he shall not be subject to be again placed in custody on a new indict-
ment without bail for the same offense except on surrender by his sure-
ties, whether the bail be granted on the facts or on account of ill health.
In other words, when bail is once granted after indictment found, it is
beyond the power of the State to rearrest for that offense on a new in-
dictment and refuse bail, the right to bail being res adjudicata.   This

proposition is fully sustained by the authorities, were it necessary to look beyond our own statutes. Wells' Res Adjudicata and Stare Decisis, sec. 421; Church on Habeas Corpus, 386; Jilz's case, 64 Mo., 205. Looking to our own legislation we find that article 187 of the Code of Criminal Procedure provides: "Where a person once discharged, or admitted to bail, is afterwards indicted for the same offense for which he has been once arrested, he may be committed on the indictment, but he shall be again entitled to the writ of habeas corpus, and may, notwithstanding the indictment, be admitted to bail, if the facts of the case render it proper; but in cases where, after indictment found, the cause of defendant has been investigated on habeas corpus, and an order made either remanding him to custody or admitting him to bail, he shall neither be subject to be again placed in custody, unless when surrendered by his bail or when the trial of his cause commences before a petit jury, nor shall he again be entitled to the writ of habeas corpus, except in special cases mentioned in articles 155 and 189."

Article 155 has reference to cases where the health of the accused is of such a nature as to endanger his life by further confinement.

Article 189 applies to cases where, subsequent to the first application, important testimony has been obtained which was not within the power of the applicant to produce at the former hearing.

These provisions are enacted for the benefit of the accused, and can only be invoked in his behalf. The State is not entitled to a new trial, and is debarred the right of appeal by the Constitution of this State, and there is no way by which the State can vacate a judgment and retry the accused of its own right.

A judgment granting bail is final as to the State, and even to the accused, unless he should seek to reduce the amount of bail granted by appeal or otherwise. Whether the investigation after indictment found, mentioned in article 187, related to the facts or when bail is granted on account of ill health, we think is not material, because in neither event can the State cause the rearrest and second incarceration of the accused for the same offense. We deem it unnecessary to discuss this question at length.

The judgment is reversed, and the relator granted bail in the sum of $10,000. The sheriff of Gonzales County is directed to take his bond for that amount in the terms of the law governing such cases.

*Reversed and bail allowed.*

Judges all present and concurring.