## JOHN JENKINS v. THE STATE.

### No. 2817.    Decided October 14, 1903.

**Habeas Corpus—Bail.**

Upon a trial for murder, where the jury failed to agree upon a verdict, and the judge admitted defendant to bail in the sum of $500 and the case was transferred to B. County, where conviction was obtained, which said conviction was reversed on appeal; Held, upon the return of the mandate of the Court of Criminal Appeals that appellant should not be required to give bail in an additional amount, but was entitled to be released under the original bond.

Appeal from the District Court of Bexar.    Tried below before Hon. John H. Clark.

This appeal was taken from a judgment on habeas corpus for release from custody upon the original bail bond given by appellant, the amount of his bail having been, on showing made by the State in the court below, increased from $500 to $2000 after the reversal of a former appeal in the case by the Court of Criminal Appeals.

The opinion states the case.

No briefs for either party found in the record.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Jenkins was indicted in Atascosa County on three separate charges of murder, all growing out of the same transaction.    The case was transferred to Wilson County, where, upon trial, the jury failed to agree; and subsequently the district judge in said county admitted relator to bail in the sum of $500 in each case. The case was then transferred to Bexar County on a change of venue, where a conviction was obtained, which on appeal was set aside and reversed.    Upon the return of the mandate, on the showing made by the State, appellant's bond was raised to the sum of $2000.    He sought his discharge under the original bond by resorting to the writ of habeas corpus.    This was refused, and this appeal prosecuted.    This question was decided against the State's contention in Augustine v. State, 33 Texas Crim. Rep., 1.    On the authority of that case, this judgment is reversed, and it is held that appellant is entitled to his liberty under the original bond.