### Ex Parte M. M. Thomas.

No. 6836.   Decided February 8, 1922.

#### 1.—Appearance Bond—Practice in Trial Court.

The object of a bail bond is to secure the presence of the accused in order that he may be tried upon the charge against him, and when it appears to the court below that the prisoner is not disposed to regard the obligation of ordinary bond and has made threats that he will not be tried, etc., the fixing of a higher bond is justifiable, but in as much as the bond is higher than is probably necessary, it is reduced on appeal.

2.—Same—Approval of Bail Bond—Practice in Trial Court.

This court is not inclined to hold the action of the trial court unwarranted, in refusing to direct the approval of the bail bond presented to the sheriff and referred to in the record, inasmuch as the bond was not signed by the defendant himself, etc., in the absence of authority to so execute the same.

Appeal from the District Court of Erath. Tried below before the Honorable J. B. Keith.

Appeal from a habeas corpus proceeding denying reduction of bond. The opinion states the case.

*J. A. Johnson* and *Mack Taylor,* for appellant.—Cited: Jenkins v. State, 77 S. W. Rep., 224.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an appeal from a judgment of the District Court of Erath County rendered upon a hearing of an application for *habeas corpus* on the part of appellant herein, the object of said writ being in some little condition of confusion, but which judgment remanded appellant to the custody of the sheriff of said county in default of a $7,500 bail bond for his appearance at the next regular term of the District Court of said county. We have said that the relief sought by appellant is not exactly clear to us, because in his recital of the facts in his application for the writ presented to the lower court, appellant states that an excessive amount of bail was demanded of him, and also that the trial court refused to approve a bail bond in the sum of $5,000 tendered by him to the sheriff of said county.

It appears from the record that appellant was charged by indictment with theft of an automobile, and that his case had been continued once upon his own application, and that a trial later had resulted in a hung jury, and that at still another trial he was convicted and granted a new trial, and that at still a later setting of his case he failed to appear and his bond was forfeited, and that some two months or more afterward he was arrested and placed in jail, from which confinement he released himself by sawing out of the jail, and it was also shown that he had stated while in jail that the district judge, coupling this statement with an obscene epithet, should never try him. In our opinion these facts justified the requirement of appellant of a larger bond than is ordinarily required of one charged with a felony of the grade of theft. The object of a bail bond is to secure the presence of the accused in order that he may be tried upon the charge against him, but when it appears to the proper authorities that the prisoner is not disposed to regard the obligation of ordinary bonds, or to be restrained by ordinary confinement, or has made threats that he will not be tried, we would be inclined to feel that the

fixing of a higher bond was justifiable. We doubt the need for fixing a bond as high as same was fixed by the court in this instance prior to or at the *habeas corpus* hearing herein.

If the question is before us, we are not inclined to hold the action of the trial court unwarranted, in refusing to direct the approval of the bail bond presented to the sheriff and referred to in the record. It appears from said record that the names of the sureties to said bond were signed thereto by other persons styling themselves as attorneys in fact. We think the lower court justified in concluding that signatures so affixed would not make the bail bond sufficient. Unless it was shown to the trial court that the appointment of such attorneys in fact was regular, and that it specifically conferred and embraced power to sign the names of such attorneys' principal to a bail bond, we doubt the efficacy of such attempted signing. Signature to a bail bond is likely to be outside of the ordinary business of such principal and the authority of the attorney in fact would not presumably exist. At least the trial court would be justified in declining to approve a bond so signed in the absence of authentic proof of authority to so execute same.

We are inclined to believe the amount of bond required of appellant by the judgment of the court here appealed from was excessive and to that extent same will be reversed and bail granted to appellant in the sum of $3,000, upon the execution of which with satisfacfactory sureties he will be released.

The judgment is reversed and cause remanded with instructions.

*Reversed with instructions.*