## Ex Parte Ray Calloway.

### No. 9060.　Decided October 29, 1924.

### No motion for rehearing filed.

**Habeas Corpus—Reduction of Bail.**

　　Relator appeals from an order of the District Court of San Saba County, fixing his bail in the sum of five thousand dollars. Relator had been indicted in San Saba County on a charge of theft and receiving and concealing, in the same indictment. He had made default, and permitted his bond to be forfeited three times and arrested on *alias capias* before the court fixed his bail in this amount. Under these circumstances the bail fixed at five thousand dollars was not excessive. See opinion for collation of authorities.

Appeal from the District Court of San Saba County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from an order fixing bail in the sum of five thousand dollars.

HAWKINS, Judge.—Relator made application to Hon. J. H. McLean, Judge of the 33rd Judicial District of Texas for reduction of bail which had theretofore been set by the court at five thousand dollars. From an order declining to reduce the bond this appeal is taken.

At the November term, 1921, of the District Court for San Saba County an indictment was returned against relator charging him in one count with the theft of cattle, and in another with receiving the same knowing them to have been stolen. Upon examining trial for said charge before the justice court relator's bond had been fixed at two hundred and fifty dollars, requiring his appearance before the District Court on the 14th of November, 1921. Bond was executed in conformity with such order. At said November term relator failed to appear and his bond was forfeited. After some search the sheriff re-arrested him in another county and his bond was then fixed at fifteen hundred dollars, which he gave, obligating himself to appear

on November 13, 1922. When the case was called at that term of court relator again failed to appear and that bond was also forfeited. He was again arrested by the sheriff in still another county and another bond in the sum of fifteen hundred dollars was given by the terms of which relator obligated himself to appear at the November term, 1923. He again absented himself and this third bond was forfeited. When he was arrested for the fourth time after violating the obligations of three bonds the district judge fixed the amount of bail at five thousand dollars.

We think it unnecessary to discuss the matter. The very recital of the circumstances leading up to the court's refusal to reduce bail is, in our opinion, sufficient justification for his action. Section 1 of Article 329, of our C. C. P. provides that:

"The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with."

In Ex Parte Thomas, 91 Texas Crim. Rep., 49, 237 S. W. 302, where it appeared that accused had permitted a forfeiture of his bond and then made application for reduction of the amount subsequently fixed by the court, this language was used:

"The object of a bail bond is to secure the presence of the accused in order that he may be tried upon the charge against him, but when it appears to the proper authorities that the prisoner is not disposed to regard the obligation of ordinary bonds, or to be restrained by ordinary confinement, or has made threats that he will not be tried, we would be inclined to feel that the fixing of a higher bond was justifiable.

In the present case relator repeatedly violated the obligation of his bonds. He showed no inclination or disposition to answer on the accusation against him in the indictment.

Believing the trial judge to be completely justified in declining to reduce the amount of bail theretofore fixed by him under the circumstances shown by the record his judgment in that respect is affirmed.

*Affirmed.*