Ex Parte Thomas Reis Alias Tommy Reis.

No. 14091.  Delivered December 17, 1930.

*Marsene Johnson, Jr.,* of Galveston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—Upon a hearing on a writ of habeas corpus before the district court of Galveston County, relator was remanded to the custody of the sheriff.  Hence this appeal.

Relator is under indictment charging him with robbery with firearms, a capital offense. The indictment against him was returned into court with numerous other indictments charging ordinary felonies against various persons. As the indictments were handed to the judge of the district court he was advised by the county attorney, upon having made inquiry of him, that all of the indictments charged ordinary felonies. It being the custom of the judge to set the bond in cases of ordinary felony at five hundred dollars, he indorsed on each of the indictments such sum as the amount to be required as bail. Among the indictments upon which this indorsement appeared was that charging relator with the offense of robbery with firearms. Thereafter, during the same term of court at which the indictment was returned, the sheriff released relator on a bond in the sum of five hundred dollars. The matter having been brought to the attention of the trial judge, the order fixing bond was vacated and an alias capias issued upon which relator was arrested and incarcerated in jail. The vacating order was entered at the same term of court at which the indictment had been returned, and during that term relator sought to be released, upon a hearing on a writ of habeas corpus, under the bond he had theretofore executed in the sum of five hundred dollars. The testimony adduced upon the hearing was uncontroverted to the effect that relator entered the home of Mrs. Carrie Moeller, exhibited a pistol, bound and gagged her, struck her on the head with the pistol and robbed her of two thousand dollars.

It is relator's contention that the trial court was without authority to vacate the order granting bail, notwithstanding the fact that he acted upon a mistake of fact at the time bail was granted. He relies upon the holding in the cases of Jenkins v. State, 45 Texas Crim. Rep., 253, 76 S. W., 464, 77 S. W., 224, and the announcement in Augustine v. State, 33 Texas Crim. Rep., 1, 23 S. W., 689. In the latter case the accused was indicted for murder on the 21st of December, 1876. On the 29th of the same month the case was transferred to Bexar County. In December, 1882, the accused was admitted to bail in the sum of ten thousand dollars on account of sickness rendering it dangerous to longer confine him. A month thereafter the prosecution was dismissed. In December, 1891, the accused was re-indicted for the same murder and the venue changed to Gonzales County, the facts supporting the charge being identical with those upon which the first indictment had been returned. After the second indictment, bail was refused. In reversing the judgment and granting bail, the court, speaking through Judge Davidson, held that "when bail is once granted after indictment found, it is beyond the power of the state to re-arrest for that offense, the right to bail being res adjudicata." Subsequently, in the case of Jenkins v. State, 45 Texas Crim. Rep., 253, 76 S. W., 464, Augustine's Case was cited in support of the rule in holding that when bail is granted after indictment it is beyond the

power of the trial judge to increase the amount thereof. Again, in Jenkins v. State, 77 S. W., 224, the rule laid down in Augustine's Case was approved.

Looking to other jurisdictions, it is observed that the Supreme Court of Oklahoma, in the case of State ex rel. Starritt v. Newman, 114 Okl., 228, 245 Pac., 999, cited with approval .the holding in the cases above discussed. Starritt was incarcerated on a charge of murder. Upon a proper application, he was granted bond in the sum of twenty-five thousand dollars. Thereafter he presented a bond in said sum in due form to the district judge, who declined to approve the bond, and entered an order setting aside and withdrawing the order granting bail. Contending that when the district court granted him bail and the order thereof was spread of record, such order was final and conclusive and became res adjudicata in all subsequent proceedings in the case, and that the district judge was without power or authority to vacate or withdraw such order, Starritt filed an original action in the Supreme Court praying for a writ of mandamus. It appears that the order granting bail was vacated at the same term of the court at which it was made. It was the State's contention that the district judge had jurisdiction to vacate, withdraw, or set aside the order, even upon his own motion and without notice, at the same term of the court at which the order was made. In holding that the order granting bail was res adjudicata and final as to the State, and that the district judge had no authority to vacate it, it was said that the authorities supporting the right of the court to vacate or modify its own judgments or orders were not applicable, in that in such cases the court had under consideration property interests of the parties rather than the liberties of the citizens.

It is unquestionably the rule in civil cases that it is "within the power of the court at the same term, to revise or vacate any of its judgments, decrees, or orders." Gulf C. and S. F. Ry. Co. v. Muse, District Judge, 109 Texas, 352, 207 S. W., 897. Touching the power of the court in such matters in criminal cases, we quote from Bishop's New Criminal Procedure (2d) Ed., vol. 2, sec. 1298, as follows: "The power of the court to alter its docket entries and records during the term wherein they are made, includes the right within such time to revise, correct and change its sentences, however formally pronounced, if nothing has been done under them. But steps taken under a sentence,—for example, a substantial part execution thereof,—will cut off the right to alter it even during the term."

It is obvious that the power of the court in the respect mentioned in criminal cases is not as broad as in civil cases. However, it is unnecessary at this time to discuss the limitatons upon such power.

The cases relied upon by relator are distinguishable upon the facts from the case at bar. As reflected by the record in such cases, no mis-

take entered into the order granting bail. It was granted upon a proper and legal order duly entered after legal investigation and proper exercise of discretion upon the part of the judge. In the present case, being misinformed by the prosecuting attorney as to the nature of the offense, the court granted bail in a capital case, in the absence of an agreement on the part of the State that the case was bailable, and without an exmination upon a writ of habeas corpus, or otherwise. In short, the record shows that there was no exercise of judicial discretion. The question decided in the cases relied upon by relator was not related to the power of the court to correct a mistake in granting bail in a capital case during the term of court at which the order was entered, but concerned the power to increase bail or deny bail after a proper order had been duly and legally entered fixing the amount of bond, or granting bail.

Without approving the doctrine announced by the Supreme Court of Missouri, in the case of The State v. Everymann, 172 Mo., 294, 72 S. W., 539, it is observed that it was held that the court had the power at any time during the term at which the accused was let to bail, to alter, amend, cancel, or set aside any order made with respect thereto, notwithstanding the accused may have complied with its order fixing his bond.

Under our Constitution, bail is a matter of right, except in capital offenses when the proof is evident. Section 11 of Art. 1, Constitution of Texas. In determining whether a capital offense is bailable, the practice ordinarily pursued in this state is to hear the evidence upon a writ of habeas corpus. Upon a hearing the burden is upon the State to show that the accused is not entitled to bail. Otherwise he is entitled to bail as a matter of right. Ex parte Powell, 107 Texas Crim. Rep., 648, 298 S. W., 575. Unless the evidence heard by the court is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that an offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is a matter of right. Ex parte Alford, 97 Texas Crim. Rep., 410, 261 S. W., 1041. If the learned trial judge had heard the evidence now reflected by the record before he had granted bail in the sum of five hundred dollars he would have been fully warranted in reaching the conclusion that the case was not bailable. If relator's contention be sustained, he is entitled to be enlarged on a bond in an amount generally required in cases of ordinary felony, notwithstanding a mistake of fact as to the character of the offense prevented the exercise of proper discretion on the part of the court.

In prohibiting the re-arrest of one granted bail after indictment, the statute provides that in "cases where, after indictment is found the cause of the defendant has been investigated on habeas corpus, and an order made, either remanding him to custody, or admitting him to bail, he

shall neither be subject to be again placed in cunstody, unless when surrendered by his bail, nor shall he be again entitled to the writ of habeas corpus, except in the special cases mentioned in this chapter." Article 169, C. C. P. We mention this for the purpose of showing that it is the policy of the law that bail be not granted in capital cases until the facts have been properly investigated. Intention to hold that a proper agreement approved by the judge authorized to grant bail is invalid is disclaimed. Nothing in the statute referred to can properly be construed to prevent the re-arrest of one indicted for a capital offense under the facts manifested by this record. On the contrary, the statute might be susceptible of the construction that it is only in cases where bond has been granted after investigation on habeas corpus that the accused is exempt from being again placed in custody for the same offense.

We quote from Corpus Juris, vol. 6, page 952, as follows: "Upon admission to bail the accused is regarded as in the custody of his bail from the moment a bond or recognizance is executed until he is discharged or recommitted; but he is also in the custody of the law, and it does not deprive the court of its inherent power to deal with the person of the prisoner."

The purpose of a bail bond is not only to effectuate the release from custody of a person accused of crime, but "to secure his presence in order that he may be tried upon the charge against him." Tex. Jur., vol. 5, page 802. We think the court had the inherent power to deal with the person of relator in the manner manifested by the record. In Ex parte Calloway, 98 Texas Crim. Rep., 347, 265 S. W., 699, this court sustained the action of the trial court in raising the amount of bail theretofore required after indictment in a felony less than capital on the ground that the accused had made threats that he would not be tried and had failed to appear on several occasions, with the result that several bonds had been forfeited. We think the principle upon which the decision rested relates to the inherent power to deal with the person of the accused in order to secure his presence at the trial.

To deprive the court of the authority to correct a mistake of the nature in question during the term at which it was made would render it powerless to perform its constitutional and statutory functions. An inherent power would be destroyed. The administration of justice would be hampered, if not entirely defeated. We are constrained to hold that the action of the trial court should be sustained.

We have decided this case on its merits without reference to the statute (article 260, C. C. P.) under which the cases relied upon by appellant seem to have been decided. The soundness of such decisions is seriously questioned.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.