EX PARTE RICHARD O'CLARE.

No. 20278.   Delivered January 25, 1939.

The opinion states the case.

*Chas. Owen,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from the order of the District Court of Hudspeth County, Texas, refusing, upon the hearing of an application for a writ of habeas corpus, to reduce the amount of the relator's bail bond which had previously been fixed in the amount of $3,000.00.

As understood, the facts are to the effect that the relator was charged by indictment with the offense of forgery alleged to have been committed about the 20th day of October, 1936, but that as yet the State has never been able to secure the presence of the relator at any term of the District Court of Hudspeth County. It appears that after securing the money on the alleged forged check, the relator fled from the county. He was returned to Sierra Blanca, Texas, where, after a preliminary hearing before the Justice of the Peace, he was bound over to await the action of the grand jury. Before the next term of the District Court and the convening of the grand jury, the relator escaped from jail. He was indicted March 3, 1937, while a fugitive from justice and later captured in Tulare, California. After being extradited and returned to Hudspeth County for trial, relator made bond in the sum of $2500.00. When his case was called for trial at the next term of the District Court the relator failed to appear. The case was reset for the following term and the relator again failed to appear. The relator's bond was then forfeited and an alias capias was issued under which he is held at present, the bond being fixed by the court at $3,-000.00. Since last arrested, the relator has attempted to break out of the jail where he is now being held for trial at the next term of the District Court of Hudspeth County.

The object of a bail bond is to secure the presence of the accused to be tried, and when it appears that he is not disposed to regard an ordinary bond, or to be restrained by ordinary confinement, or has made threats that he will not be tried, the fixing of higher bail than·ordinary is justifiable. See Ex parte Thomas, 91 Tex. Cr. R. 49, 237 S. W. 302.

In view of the relator's repeated escapes from jail and the fact that the $2500.00 bail previously fixed by the court was insufficient to secure the attendance of the relator at the trial, we are of opinion that the $3,000.00 bail bond under which he is now being detained cannot be considered as excessive. There-

fore, the judgment of the trial court refusing a reduction of the relator's bond in the amount stated is affirmed.