## EX PARTE CHARLEY COKER.

No. 30,365. November 26, 1958.
State's Motion for Rehearing Overruled January 14, 1959.

G. C. *Harris,* Greenville, and *Justice, Justice & Kugle* (by *Wm. Wayne Justice,* of Counsel), Athens, for relator.

O. S. *Moore,* District Attorney, Greenville, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator was charged by complaint with the murder of his wife and, with the approval of the district attorney, the magistrate granted bail in the sum of $10,000. Bond for his appearance before the district court having been entered into and approved, relator was released thereon.

Thereafter relator was indicted for murder with malice and placed in jail. No order was made by the judge relating to the bail bond or for relator's re-arrest. He appeals from the order of the district judge declining to set bond after indictment.

The disposition of the appeal is controlled by Act of the 55th Legislature (1957) p. 94, Ch. 46, (now Art. 275 (a) V.A.C.C.P.) which provides in part:

"Section 1. Where a defendant, in the course of a criminal action, gives a bail bond or enters into a recognizance before any court or person authorized by law to take came, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond or recognizance shall be valid and

binding upon the defendant and his sureties thereon, for the defendant's personal appearance before the court or magistrate designated therein, and for any and all subsequent proceedings had relative to the charge, and each such bail bond or recognizance shall be so conditioned except as hereinafter provided.

"Section 2. When a defendant has once given a bail bond or entered into recognizance for his appearance in answer to a criminal charge, he shall not be required to give another bond nor enter into another recognizance in the course of the same criminal action except as herein provided.

"Section 3. Provided that whenever, during the course of the action, the judge or magistrate in whose court such action is pending finds that the bond or recognizance is defective, excessive or insufficient in amount, or that the sureties are not acceptable, or for any other good and sufficient cause, such judge or magistrate may, either in termtime or in vacation, order the accused to be rearrested, and require the accused to give another bond or enter into another recognizance, in such amount as the judge or magistrate may deem proper. When such bond is so given and approved or when such recognizance is entered into, the defendant shall be released from custody."

The statute quoted clearly provides that the bond entered into before the magistrate continues in effect after indictment.

In the absence of an order for the re-arrest of relator, as provided for in Section 3 of the statute above quoted, relator is entitled to remain at liberty under the bond entered into before the magistrate.

It is apparent that since the effective date of Art. 275(a) V.A.C.C.P., in 1957, the cases decided under the prior statute are not applicable.

The judgment of the trial court remanding relator to custody without bond is reversed and relator is ordered released to remain at liberty upon the bond entered into before the magistrate until and unless the trial judge orders his re-arrest as provided in Art. 275(a) V.A.C.C.P., supra.