**Ex parte Walter Bernard KORN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39557.**

Court of Criminal Appeals of Texas.

March 23, 1966.

Roy Q. Minton, Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

This is an appeal from an Order of the 147th District Court of Travis County denying a reduction in bail.

The record reflects that petitioner was convicted in that Court and sentenced on July 15, 1965, to two years confinement in the Texas Department of Corrections for the felony offense of "Unlawful Possession of Marihuana". Appeal was duly perfected to this Court and recognizance entered into in the sum of $5,000.00. On January 20, 1966, the District Attorney of Travis County filed with the 147th District

Court of that County a Motion to Increase Bond, alleging in substance that petitioner had been convicted and currently had an appeal pending in this Court; that petitioner had been arrested by the FBI for the federal felony of Bank Robbery while this case is on appeal and that this petitioner was arrested (yesterday at the time the State's Motion was filed) on January 19, 1966, in the commission of four burglaries of coin operated machines; that the petitioner has a long criminal record and is a known vagrant and that he will continue to violate the criminal laws of this state unless he is kept in jail until the mandate can issue from this Court, or until he can be tried on the recently committed felonies. The 147th District Court granted the foregoing motion of the state and set this recognizance bond in the sum of $100,000.-00, thus increasing the amount by $95,000.-00.

An alias capias was issued as a result of said Order and petitioner remanded to the County Jail of Travis County, where he still remains, in lieu of bond in said sum of $100,000.00.

Petitioner was indicted for the four felony offenses of burglarizing parking meters, alleged to have been committed on or about January 20, 1966, and his bond was set at $25,000.00 in each of these four cases. The record reflects that Travis Erwin, a co-principal, was granted bail in each of these four cases in the sum of $2,500.00 each.

It is apparent from the record that petitioner does have a long criminal record. The able District Attorney takes the position that it is inconceivable that such a person as petitioner, who has been convicted of the felony offense of possession of marihuana by a jury, while this case is on appeal, commits five additional felonies, one of them being the federal offense of burglarizing a bank, should be permitted to continue at large while he has a conviction which is on appeal. The record further reflects that the able trial judge made

virtually this same observation about petitioner when he denied petitioner's application for the Writ of Habeas Corpus and continued in effect the bonds aggregating $200,000.00. While the writer personally feels that there is merit in the observations of both the District Attorney and the Trial Judge, giving tangible effect to such observations is a function of another branch of the government and is not within the functions of this Court. The statutory law of this state does not provide for the denial of bail in such situations.

We are of the opinion that the learned trial judge fell into error in entering the Order of January 20, 1966, increasing the amount of bail under the recognizance bond from $5,000.00 to $100,000.00.

The holding of this Court in Williams v. State, 130 Tex.Cr.R. 124, 92 S.W.2d 1036, 1037, convinces us that the trial Court was without jurisdiction of this cause at a time when it was pending before this Court. Art. 828, Vernon's Ann.C.C.P.; also, see Ray v. State, 154 Tex.Cr.R. 362, 227 S.W.2d 216; Stickney v. State, 169 Tex.Cr.R. 533, 336 S.W.2d 133, certiorari denied 363 U.S. 807, 80 S.Ct. 1245, 4 L.Ed.2d 1151. Further, we adopt the reasoning set forth as follows:

"A judgment granting bail is final, as to the state, and even to the accused, unless he should seek to reduce the amount of bail granted, by appeal or otherwise." Augustine v. State, 33 Tex.Cr.R. 1, 23 S.W. 689; Jenkins v. State, 45 Tex.Cr. R. 253, 76 S.W. 464.

This part of the judgment is accordingly reversed and bail again fixed in that case in the sum of $5,000.00.

In setting bail,

" 'the nature of the offense and the circumstances under which it was committed are to be considered,' as well as that it should be sufficiently high to give reasonable assurance that the undertaking will be complied with." Mer-

win v. State, 171 Tex.Cr.R. 279, 347 S. W.2d 722.

Using this criterion, which we think to be a correct one, bail in the sum of $25,000.00 in each of the four cases for which petitioner stands indicted for burglarizing parking meters, is excessive. The judgment of the trial court is reversed and the petitioner granted bail in the sum of $5,000.00 in each of the four cases in question. Ex Parte Maynor, 156 Tex.Cr.R. 574, 244 S.W.2d 984; Ex Parte Rutherford, 133 Tex.Cr.R. 469, 112 S.W.2d 469.