Linardo **VILLASANA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40191.

Court of Criminal Appeals of Texas.

March 1, 1967.

Denver E. Perkins, Houston ·Munson, Jr., Gonzales, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

We quote the statement of the case, the nature of the proceeding and the grounds of error from appellant's brief.

"This is a proceeding initiated by the State's attorney to revoke defendant Villasana's right to bail previously allowed by the committing magistrate.

"Defendant was arrested and charged before the justice of the peace with murder with malice. Examining trial was waived and defendant was admitted to bail in the amount of $5,000.00, which he gave and was thereupon released to await the action of the grand jury.

"Thereafter, the grand jury met and indicted the defendant for murder with malice. The State's attorneys filed a notice that the State would seek the death penalty. They also filed the above mentioned motion to have the defendant held without bail pending the trial of this case. Upon hearing, the district judge so ordered. He was jailed on January 13, 1967. The defendant gave notice of appeal. The record was approved and filed in the trial court on January 24, 1967. Defendant remains in the jail of DeWitt County.

*"APPELLANT'S POINTS*
*OF ERROR*

"1. The judge of the district court erred in committing the defendant to jail without bail, the State having failed in its burden to show that the proof was evident and

the presumption great that defendant would receive the death penalty, and the evidence showing only an unexplained homicide.

"2. The judge of the district court erred in committing the defendant to jail without bail, there being no statutory warrant for such action.

"3. The judge of the district court erred in committing the defendant to jail without bail, the matter of bail having become res judicata upon his first having been charged and released on bond.

"4. The judge of the district court erred in committing the defendant to jail without bail, not having ordered the defendant re-arrested."

The statute which controls the disposition of this appeal is Article 11.57 of the 1965 Vernon's Ann.Code of Criminal Procedure, which reads:

"Where a person once discharged or admitted to bail is afterward indicted for the same offense for which he has been once arrested, he may be committed on the indictment, but shall be again entitled to the writ of habeas corpus, and may be admitted to bail, if the facts of the case render it proper; but in cases where, after indictment is found, the cause of the defendant has been investigated on habeas corpus, and an order made, either remanding him to custody, or admitting him to bail, he shall neither be subject to be again placed in custody, unless when surrendered by his bail, nor shall he be again entitled to the writ of habeas corpus, except in the special cases mentioned in this Chapter."

■ This statute furnished authority for the trial judge's order committing appellant after the return of the indictment, subject to his right to seek release by habeas corpus, including the right to appeal if remanded to custody. Art. 44.34 et seq., C.C.P.

■ Article 11.57 C.C.P. is also authority for the overruling of appellant's contention that the matter of bail had become res judicata upon his having been released on bond set by a magistrate prior to the return of the indictment.

In Augustine v. State, 33 Tex.Cr.R. 1, 23 S.W. 689, and Jenkins v. State, 45 Tex. Cr.R. 253, 76 S.W. 464, cited by appellant, the order granting bail in a capital case held to be res judicata was one made after the return of an indictment.

Ex parte Korn, Tex.Cir.App., 400 S.W. 2d 564, also cited by appellant, dealt with Article 44.04(d) of the 1965 Code of Criminal Procedure and its applicability to a recognizance on appeal entered into prior to the effective date of said Code.

The effect of our holding in Ex parte Coker, 167 Tex.Cr.R. 208, 319 S.W.2d 120, in which we construed Article 275a V.A. C.C.P. enacted in 1957 (now Art. 17.09) was that a defendant is entitled to remain at liberty after indictment under the bond set by a magistrate, unless or until the trial judge orders his rearrest or commitment.

As to appellant's contention that the proof is not evident, and he is entitled to bail, we direct attention to our recent holdings in Ex parte Parker, Tex.Civ. App., 370 S.W.2d 882, and Ex parte Perkins, Tex.Cr.App., 403 S.W.2d 410, in which no evidence was offered showing any justification or excuse for the killing.

Our disposition of the appeal is without prejudice to appellant's right to seek relief by habeas corpus.

The appeal is dismissed.