**SURETY INSURANCE COMPANY OF CALIFORNIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47212.**

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

**120**

Joseph (Sib) Abraham, Jr. and Anthony C. Aguilar, El Paso, for appellant.

Steve Simmons, Dist. Atty., William B. Hardie, Jr., Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a judgment in a bond forfeiture proceeding wherein the surety alone appeals.

Appellant contends in his sole ground of error that "the trial court erred in not setting aside the bond forfeiture inasmuch as the bond upon which the forfeiture is predicated is not a valid and binding undertaking in law."

At the trial before the court to show cause why the judgment nisi should not be made final, the State placed into evidence the following instruments:

(1) An appearance bond *dated and approved July 14, 1971,* in the amount of $5,000.00 executed in cause number 24,020 in the 34th District Court of El Paso County, by Juan J. Rodriguez as principal and appellant Surety Insurance Company of California as surety;

(2) Judgment nisi entered by the court on May 31, 1972, declaring said bond forfeited for the failure of the principal to appear in court when his case was called for trial, and ordering a "show cause" hearing.

The appellant then placed into evidence an appearance bond dated and approved *July 7, 1971,* in the amount of $5,000.00, also executed in cause number 24,020 in the 34th District Court of El Paso County, signed by the same principal and surety and conditioned as was the bond offered by the State.

After appellant had rested, the attorney for the State, in explaining the two bonds in evidence, stated to the court that "the only thing the State can say is for some reason the Sheriff required the surety bondsman to execute another bond seven days after the first one was executed."

Appellant argues, as it did in the trial court, that the bond of July 14, 1971, was not a valid and binding obligation since the existing bond of July 7, 1971, in the same amount with the same provisions and conditions and same surety was not shown to be defective in any way, and under the terms of Article 17.09, Vernon's Ann.C.C. P.,[1] the principal was not required to exe-

---

1. "Sec. 1. Where a defendant, in the course of a criminal action, gives bail before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other court to which same may be transferred, and for any and all subsequent proceedings had relative to the charge, and each such bond

shall be so conditioned except as hereinafter provided.

"Sec. 2. *When a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as herein provided.* (emphasis added)

"Sec. 3. Provided that whenever, during the course of the action, the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties,

cute another bond unless a judge or magistrate found the first bond to be defective, excessive or insufficient in amount, or that the sureties were not acceptable, or for other good and sufficient cause.

The disposition of this appeal is controlled by Article 17.09, V.A.C.C.P., supra. The bond of July 7, 1971, was, so far as the record discloses, a valid, binding obligation at the time the judgment nisi was entered. Except for the date, it is identical with the bond of July 14th on which the forfeiture was predicated except in one small detail. On the top line of the first bond, the name of the principal is designated as Juan Jose Rodriguez, and on the second bond, Jose Juan Rodriguez. However, both bonds were signed "Juan J. Rodriguez," as principal and appellant as surety.

The record contains no finding of the court that the first bond was defective, excessive or insufficient in amount, or that the surety was not acceptable, or any other good and sufficient cause why the principal should be required to give a second bond. There was no order of the court that the principal be rearrested and required to give another bond. See Article 17.09, V.A.C.C.P., supra.

"In the absence of an order for the rearrest of relator,[2] as provided for in Section 3 of the statute above quoted,[3] relator is entitled to remain at liberty under the bond entered into before the magistrate." Ex parte Coker, 167 Tex. Cr.R. 208, 319 S.W.2d 120.

In Villasana v. State, 411 S.W.2d 736, this Court, speaking through Judge Woodley, who also wrote the opinion in *Coker,* supra, explained the holding in that case as follows:

"The effect of our holding in Ex parte Coker, 167 Tex.Cr.R. 208, 319 S.W.2d

120, in which we construed Article 275a, V.A.C.C.P., enacted in 1957 (now Art. 17.09) was that a defendant is entitled to remain at liberty after indictment under the bond set by a magistrate, unless or until the trial judge orders his re-arrest or commitment."

Under the provisions of Article 17.09, V.A.C.C.P., supra, and the record in this case, the bond given, approved, and filed July 7, 1971, was in force when the judgment nisi was entered. There was no attempt to prove any application of the exceptions named in Section 3 of that Article which justify the requirement that the principal execute another appearance bond. However, the forfeiture was taken on a second bond which the principal and surety were required to give, contrary to the provisions of the above specified statute.

Article 22.13, V.A.C.C.P., sets forth as one of the causes which will exonerate the principal and his sureties from liability upon the forfeiture taken:

"1. That the bond is, for any cause, not a valid and binding undertaking in law . . . . If it be invalid and not binding as to the principal, each of the sureties, if any, shall be exonerated from liability."

We hold that under the facts here presented the bond of July 14, 1971, on which the forfeiture is predicated, is not a valid and binding undertaking in law.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.

ODOM, Judge (dissenting).

Appellant, by his single ground of error, asserts that "the trial court erred in not setting aside the bond forfeiture inasmuch

---

if any, are not acceptable, or for any other good and sufficient cause, such judge or magistrate may, either in term-time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper. When such bond is so

given and approved, the defendant shall be released from custody. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

2. The principal in the bond.

3. Article 275a, V.A.C.C.P., enacted in 1957, now Article 17.09, V.A.C.C.P.

as the bond upon which the forfeiture is predicated is not a valid and binding undertaking in law."

As stated in the majority opinion, two bonds were introduced at the hearing to show cause why the judgment nisi declaring the July 14, 1971, bond forfeited should not be made final. The state introduced the July 14, 1971, bond and appellant introduced the July 7, 1971, bond. Both bonds were in the amount of $5,000.00; both were executed in cause number 24,020 in the 34th District Court of El Paso County; both were signed by the same principal and surety, and recited the same conditions.

Appellant points out that under the terms of Article 17.09, V.A.C.C.P., the principal, having once given bail for his appearance, is not required to execute another bond unless a judge or magistrate so orders upon a finding that the original bond is defective, excessive or insufficient in amount, or that the sureties are not acceptable, or of other good and sufficient cause to require a new bond. Certainly a new bond may be *required* only upon such order, but that does not mean that a new bond may not be executed voluntarily, and from the record in this case there is no reason to believe that the second bond was not executed voluntarily. If appellant objected to any reason which may have been presented to request or require a second bond, challenge properly should have been made at that time and a ruling on the sufficiency of the first bond secured. However, the record does not reveal what reason actually motivated the execution of the second bond. For all that appears in the record, the second bond may have been executed and approved at the request of the principal, or even of the appellant. Having apparently voluntarily consented to the execution of a second bond, appellant waived any objection to the failure to comply with Article 17.09, V.A.C.C.P., if it was in fact applicable. In this respect the writer dissents from the majority in that (1) the record does not show appellant was required to execute the second bond in violation of Article 17.09, supra, and (2) even if appellant was so required, he waived objection to any violation by executing the second bond.

I further dissent because the majority does not demonstrate how a violation of Article 17.09, supra, would render the second bond not a valid and binding undertaking in law. Whether the second bond is valid and binding is determined by an examination of its own terms, and not by whether some other bond, binding or not, had been previously executed. It could well be argued that voluntary execution of a second bond, coupled with its approval and filing, would render the prior bond thereafter no longer a binding undertaking in law, on the theory that the new bond has been substituted for the first one, in the nature of a novation.

I therefore respectfully dissent.

MORRISON, J., joins in this dissent.