

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

October 30, 1975

The Honorable Martin D. Eichelberger
Criminal District Attorney
McLennan County
Waco, Texas

Opinion No. H-728

Re: Whether a person who has been arrested on a warrant from another county and released on bond in the county in which he was arrested should be rearrested if the sheriff of the county which issued the warrant believes the surety is insufficient.

Dear Mr. Eichelberger:

You have requested our opinion regarding whether a person who has been arrested on a warrant from another county and released on bond in the county in which he was arrested should be rearrested if the sheriff of the county which issued the warrant believes the surety is insufficient.

You state that the defendant was arrested by the sheriff of McLennan County on seven misdemeanor warrants issued out of Dallas County. Following his arrest, defendant's bail was set by a magistrate of McLennan County, and thereafter, the sheriff approved defendant's bonds and released him from custody. Subsequently, the sheriff of Dallas County returned the bonds and requested that defendant be rearrested. You inquire whether the sheriff of McLennan County may properly rearrest defendant in these circumstances.

Although a sheriff is authorized by article 17.20 of the Code of Criminal Procedure to accept bail bonds in misdemeanor cases, this provision applies only where no bail has been set or where bail has been set by a judge and the defendant is in jail. The controlling statute here, we think, is article 17.09, which provides that a defendant's bond, once given, shall be valid for his personal appearance "before any. . .court to which same may be transferred, and for any and all subsequent proceedings had relative to the charge." Section 1. The statute indicates further that, "when a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as herein provided." Section 2.

p. 3109

Section 3 of article 17.09 furnishes the only exception. It provides that:

> [W]henever, during the course of the action,
> the judge or magistrate in whose court such
> action is pending finds that the bond is defective,
> excessive or insufficient in amount, or that the
> sureties, if any, are not acceptable, or for any
> other good and sufficient cause, such judge or
> magistrate may, either in term-time or in va-
> cation, order the accused to be rearrested, and
> require the accused to give another bond in such
> amount as the judge or magistrate may deem pro-
> per.

The Court of Criminal Appeals has indicated that this provision is to be strictly construed. In Ex parte Coker, 319 S.W. 2d 120 (Tex. Crim. App. 1958), the relator, after being released on $10,000 bond, was thereafter indicted for murder with malice and placed in jail. The judge had neglected, however, to order relator's rearrest. The Court held that, in the absence of such an order as provided in section 3 of article 275a (the predecessor of article 17.09), relator was entitled to remain at liberty under the bond previously entered into before the magistrate.

In our opinion, the Coker principle is equally applicable to cases in which a defendant is arrested and released on bond in a county other than the one in which charges against him are pending. Only the judge of the court where the case is pending may determine not to accept defendant's bond and, as a consequence thereof, order his rearrest. Although the judge may refuse to accept the bond "for any. . . good and sufficient cause, " we do not believe that the sheriff of that county is authorized to refuse to accept the said bond for any reason. Article 2372 p-3, V. T. C. S. , dealing with the licensing and regulation of bail bondsmen does not presently apply to a bond written and accepted in McLennan County. Accordingly, it is our opinion that a defendant who has been arrested on a warrant from another county and released on bond in the county in which he was arrested should be rearrested only upon the issuance of an appropriate order by the judge before whom charges against him are pending, in accordance with article 17.09 of the Code of Criminal Procedure.

## SUMMARY

A person who has been arrested on a warrant from another county and released on bond in the county in which he was arrested should be re-arrested only upon the issuance of an appropriate order by the judge before whom charges against him are pending, in accordance with the provisions of article 17.09 of the Code of Criminal Procedure.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: