Alan Brown, Nancy Bahorn, San Antonio, for appellant.

Fred Rodriguez, Dist. Atty. & Edward F. Shaughnessy, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

**Jimmy MONTALVO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1482–89.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 20, 1989.

## ORDER

**PER CURIAM.**

Applicant was convicted of murder in Cause No. 88–CR–0159 in the 289th Judicial District Court of Bexar County. Punishment was assessed at confinement for forty (40) years in the Texas Department of Corrections. A decision by the San Antonio Court of Appeals has reversed that conviction and remanded the case to the trial court. *Montalvo v. State*, No. 04–88–00392–CR (Tex.App.—San Antonio, delivered October 4, 1989). The State has filed a petition for discretionary review with this Court. The petition is pending before this Court.

Applicant has applied to this Court, pursuant to Article 44.04(h) of the Code of Criminal Procedure, to set a reasonable bail pending final determination of the appeal.

In his motion for bail, applicant notes that the criteria for bail are established by the Eighth Amendment to the United States Constitution, Article 1, Section 11 of the Texas Constitution, and Articles 1.07 and 17.15 of the Texas Code of Criminal Procedure. Applicant sets out the factors which have developed from these provisions: [1]

1. Nature of offense;
2. Ability to make bail;
3. Prior criminal record;
4. Conformity with previous bond conditions;
5. Employment record;
6. Family ties to community;
7. Length of residence in community;

Applicant then thoroughly details how he meets these criteria.

While consideration of each of these itemized factors is not required, nor is the list necessarily exhaustive of factors that might be germain in a particular case under 44.04(h), we find that under the facts of this case the allegations in his motion support a setting of bail as requested.

Accordingly, bail is hereby set in the amount of $25,000.00, and it is hereby ORDERED that the trial court order the appellant released from confinement assessed in this cause upon the posting of said bail by sureties approved by the trial court.

IT IS SO ORDERED.

---

[1] Also a consideration in bail cases, although not applicable in this case, is the recent amendment to the Texas Constitution concerning the rights of crime victims, Art. 1, Sec. 30, which includes the right of the victim to be reasonably protected from the accused.