**Willie Frank CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–233–CR.**

Court of Appeals of Texas, Waco.

Jan. 21, 2004.

John M. Hurley, Waco, for Appellant.

John W. Segrest, McLennan County District Attorney, Waco, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### ORDER SETTING BAIL

PER CURIAM.

Willie Frank Campbell's Amended Motion for Bail, filed February 24, 2003, is granted. TEX.CODE CRIM. PROC. ANN. art. 44.04(h). Bail is set at $10,000 with sureties to be approved by the Judge of the 54th District Court of McLennan County, Texas, in accordance with article 44.04(h) of the Texas Code of Criminal Procedure. *Id.*

Concurring and dissenting opinion by Chief Justice GRAY.

Concurring opinion by Justice VANCE.

BILL VANCE, Justice, concurring.

Two points should be made in support of our order setting bail in the amount of $10,000. First, bail was set by McLennan County authorities at $7,500 when Willie Frank Campbell was arrested and charged. This order represents bail one-third higher.

Second, because of this Court's delay in acting on the State's motion for rehearing, Campbell has remained in prison without bail being set, having already had his conviction reversed, for many months longer than he would have had we acted expeditiously. Because that may affect the State's ability to retry him, we should take it into consideration. *See Montalvo v. State*, 786 S.W.2d 710, 711 (Tex.Crim.App.

1989) (State's ability to retry Appellant is a factor is setting bail after reversal).

The opinion reversing Campbell's conviction, which began his entitlement to bail, was issued on January 8, 2003. The State requested, and received, an extension of time to file its motion for rehearing, which was ultimately filed on February 20, 2003. The motion for rehearing was not acted on by this Court until January 14, 2004, almost eleven (11) months after it was filed. This delay has been prejudicial to both Campbell and to the State, which intends to retry him.

As an appellate court, we follow certain guidelines regarding the time it should take to decide a case. The categories tracked by the Office of Court Administration are: (1) cases submitted and undecided for more than six months but less than twelve months; (2) cases submitted and undecided for more than twelve months; and (3) motions for rehearing that have been pending over thirty days. Because the State's motion for rehearing had not been decided by March 22, 2003, it first appeared on the monthly report dated March 31, 2003. It has appeared on every monthly report since that date.

TOM GRAY, Chief Justice, concurring.

After careful consideration of the issues raised in the State's response to Campbell's amended motion for bail, which motion became ripe for determination only upon the denial of the motion for rehearing on January 14, 2004, I cannot agree that $10,000 bail is adequate. My determination is independent of the court's determination to reverse the conviction. Campbell is entitled to bail under the statute. But given that the purpose of bail is to secure his presence for trial, that this conviction arose as a result of his flight from authorities, that his criminal history shows a propensity for violence, and that this offense involved the use of a gun, I would have to set bail higher than $10,000.

Accordingly, I concur in setting bail but respectfully dissent to the amount of bail as set by the majority.