**Jamie Eric DELGADO, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–07–00077–CR.**

Court of Appeals of Texas,
Waco.

June 11, 2008.

Scott K. Stevens, Gatesville, for appellant.

John W. Segrest, McLennan County Crim. Dist. Atty., Waco, for appellee.

## DISSENT TO ORDER SETTING BAIL

### TOM GRAY, Chief Justice.

We reversed Delgado's second-degree-felony conviction for indecency with a child by sexual contact and remanded to the trial court. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c)(1), (d) (Vernon 2003); *Delgado v. State*, No. 10–07–00077–CR, 2008 WL 1759089, 2008 Tex.App. LEXIS 2827 (Tex.App.-Waco Apr. 16, 2008) (not designated for publication) (mem.op.). Delgado has filed a Motion for Reasonable Bail Pending Final Determination of Appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04(h) (Vernon 2006). The majority sets bail at $10,000, noting only, "The record shows that bail in the trial court was $10,000." In limiting its consideration to what "bail in the trial court was," the majority ignores what I believe to be the controlling constitutional provisions governing bail and the statutory provisions implementing them, as well as the case law interpreting those provisions. I dissent.

Delgado seeks bail under Texas Code of Criminal Procedure Article 44.04(h), which provides, "If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail ... pending final determination of an appeal ... on a motion for discretionary review." TEX.CODE CRIM. PROC. ANN. art. 44.04(h).

The amount of bail is governed by constitutions, statutes, and case law.

The United States and Texas Constitutions provide, "Excessive bail shall not be required...." U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.

The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty.... [T]he modern practice of requiring a bail bond ... serves as an additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment.

*Stack v. Boyle*, 342 U.S. 1, 4–5, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (internal citations omitted); *see United States v. Salerno*, 481 U.S. 739, 752–53, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Ex parte Anderer*, 61 S.W.3d 398, 399 (Tex.Crim.App.2001) (bond condition); *Grantham v. State*, 408 S.W.2d 235, 236 (Tex.Crim.App.1966); *Ex parte Reis*, 117 Tex.Crim. 123, 127, 33 S.W.2d 435, 436–37 (1930) (per curiam). "The primary objective of the appeal bond," in particular, "is to secure appellant's apprehension if his conviction is subsequently affirmed" on final determination of the appeal. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981); *see Swinnea v. State*, 614 S.W.2d 453, 454 (Tex.Crim.App.1981).

The Texas Code of Criminal Procedure, in turn, provides as follows concerning the amount of bail, whether in the trial court or in an appellate court:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005). Article 17.15 governs bail under Article 44.04. *See Montalvo v. State,* 786 S.W.2d 710, 710–11 (Tex.Crim.App. 1989) (order) (per curiam).

In *Ex parte Rubac,* the Texas Court of Criminal Appeals held, concerning the amount of bail in appellate courts:

> In considering what constitutes reasonable bail on appeal, certain factors should be considered. The primary factors are the length of the sentence, and the nature of the offense. Other supportive data that th[e] Court deems relevant includes: petitioner's work record, family ties, and length of residency, ability to make the bond, prior criminal record, conformity with previous bond conditions, other outstanding bonds, and aggravating factors involved in the offense.

*Rubac,* 611 S.W.2d at 849–50 (internal citations omitted). *Rubac* governs bail under Article 44.04(h). *See Watson v. State,* 158 S.W.3d 647, 648 (Tex.App.-Waco 2005, order) (per curiam).

In *Montalvo v. Texas,* the Court of Criminal Appeals has suggested that the following factors may be relevant in setting bail under Article 44.04(h):

1. Nature of offense;
2. Ability to make bail;
3. Prior criminal record;
4. Conformity with previous bond conditions;
5. Employment record;
6. Family ties to community; [and]
7. Length of residence in community[.]

*Montalvo,* 786 S.W.2d at 711. "[C]onsideration of each of these itemized factors is not required, nor is the list necessarily exhaustive of factors that might be germa[ ]n[e] in a particular case under article 44.04(h)...." *Id.*

We have held, "[W]hen setting bail under article 44.04(h) an appellate court should consider: '(1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned.'" *Watson,* 158 S.W.3d at 648 (quoting *Aviles v. State,* 26 S.W.3d 696, 699 (Tex.App.-Houston [14th Dist.] 2000, order)).

Delgado's motion provides no sworn evidence, and sparse analysis, in terms of the factors above, and we see little evidence in the record on those factors. Delgado's analysis is as follows, in its entirety: "Appellant lives in Waco, Texas, and has family there. While there were problems in the record concerning his appearance for a psycho-sexual examination, Appellant appeared for his plea and for his sentencing." (Mot. at [2].) Delgado prays that we set bail in the amount of $10,000.

In similar circumstances, the Fourteenth Court of Appeals held:

> In his motion, appellant has stated that a reasonable bail would be $10,000; however, appellant has not provided this Court with an explanation as to how he arrived at that figure.... Appellant's motion is devoid of any sworn facts, argument, or discussion of the factors generally considered by courts in making the determination as to the amount of reasonable bail.
>
> ....

Appellant's motion requesting reasonable bail under article 44.04(h) did not discuss or proffer any evidence on the criteria listed in article 17.15, the *Rubac* factors, or the possibility of a retrial by the State. Accordingly, we order appellant to file a supplement to his motion requesting bail. In that motion, appellant should provide argument and evidence relevant to the criteria and factors described in this order. The supplemental motion should be verified to the extent it depends on facts and evidence not in the record, within the court's knowledge in its official capacity, or within the personal knowledge of the attorney signing the motion.

*Aviles v. State*, 23 S.W.3d 74, 79–80 (Tex. App.-Houston [14th Dist.] 2000, order) (per curiam) (citing TEX.R.APP. P. 10.2); *see* TEX.CODE CRIM. PROC. ANN. arts. 17.15, 44.04(h); *Rubac*, 611 S.W.2d 848. The court ordered the appellant to file the supplemental motion within seven days after the date of the order, and ordered the State to file a response to the appellant's supplemental motion, "also in compliance with the terms of th[e] order," within seven days after the latter date. *Aviles*, 23 S.W.3d at 80–81.

We should likewise order rebriefing.

If, however, we are to consider the evidence in the record, that evidence argues against setting the bond that the majority sets.

When we consider the nature of the alleged offenses and the circumstances under which they were committed, including the aggravating factors involved in the offenses, they are abusive. The indictment alleged two counts of indecency with a child by sexual contact.[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c)(1). The State intended to offer the statements of the twelve-year-old alleged victim, A. L., to outcry witnesses, as follows:

> On a weekend when her mother was at work, A[.] L[.] was in her mother's room on the bed and Jaime Delgado was laying behind her. A[.] stated that . . . her dad (Jaime Delgado) slid his hand down into her panties and touched her private part (vagina) with his hand. A[.] L[.] stated that she told her dad to stop and he did, but then started touching her again. . . .
>
> . . . . A[.] disclosed that this has happened "lots of times."

(I C.R. at 6–7.)

> Jaime Delgado was laying with A[.] on the couch in the living room with Jaime's back against the couch and A[.] in front of him, and the defendant touched her on her private part. A[.] said that the defendant stuck his hand inside her panties and touched her private part and began playing with her vagina.

(I C.R. at 6); *see* TEX.CODE CRIM. PROC. ANN. art. 38.37, § 1(1), §§ 2–3 (Vernon Supp.2007).[2]

As to Delgado's current ability to make bail in the amount of $10,000, I see no evidence in the record. At the time of Delgado's indictment, he was able to make bail in that amount.

In considering the future safety of a victim of the alleged offense and the community, I see no evidence in the record.

---

1. The State agreed to waive one count in the plea-bargain agreement. Delgado pleaded guilty to the remaining count. The trial court rejected the plea agreement but refused to allow Delgado to withdraw his plea. It was this refusal that resulted in the reversal.

2. We have requested a supplemental record containing the evidence against Delgado admitted at his plea of guilty, but we have not received the evidence before the majority issues its order. That evidence could only further weigh against Delgado.

There is nothing is to suggest that Delgado will not return to the home with A. L.

The length of Delgado's sentence was ten years' imprisonment.

As to Delgado's work record and length of residency, I see no evidence in the record.

As to Delgado's family ties, the evidence was that either Delgado's mother and sister were not at the telephone numbers that Delgado had given for them or that they were not able to contact Delgado. The record does not show that Delgado's sister resided in the trial court's jurisdiction.

As to Delgado's prior criminal record, his application for community supervision disclosed three convictions: two for assault and one for driving while intoxicated. *See* TEX. PENAL CODE ANN. § 22.01(a) (Vernon Supp.2007), § 49.04(a) (Vernon 2003). The record does not disclose whether those convictions were for felony or misdemeanor offenses, but, in either case, they weigh against Delgado.

As to Delgado's conformity with previous conditions of release, it was unfavorable. Delgado appeared for his plea hearing. But Delgado repeatedly failed to appear for the presentence investigation interview and psychological evaluations that constituted part of the presentence investigation ordered by the trial court. Delgado also failed to appear timely for his sentencing, so that the trial court revoked Delgado's bond and ordered it forfeited. Delgado, in custody, appeared for his reset sentencing.

As to any other outstanding bonds, I see no evidence in the record.

I consider the fact that we have overturned Delgado's conviction, but here that consideration does not have the import that it usually does. We held that the trial court erred in not allowing Delgado to withdraw his plea of guilty after the trial court decided not to accept Delgado's plea-bargain agreement. That error does not, for example, hold evidence inadmissible, or otherwise affect the State's ability to continue to prosecute Delgado for the offenses charged. Nor do I believe it likely that our decision in Delgado's appeal will be overturned. *Cf. Delgado*, 2008 WL 1759089, 2008 Tex.App. LEXIS 2827.

The majority considers only the pretrial bond set by the trial court. But the trial court made that determination in November, 2006, before the trial court received evidence of Delgado's offense, before Delgado failed to appear as ordered, before Delgado failed to participate in the court-ordered presentence investigation, before the trial court received evidence that Delgado did not reside at the address he gave the court and could not be contacted at the telephone number he gave the court, before the trial court received evidence that the contacts Delgado gave could not contact him, and before the trial court found Delgado guilty and sentenced him to ten years' imprisonment. While the majority's approach is easier—it simply relies on what was done before, notwithstanding that even that bond was subsequently revoked—it does not rely on even the currently available evidence to set Delgado's reasonable bail, in accordance with the constitutions and statutes, sufficient to give reasonable assurance that he will appear for further proceedings. Our alternative, perhaps, is to deny the motion for bail without prejudice to the filing of another motion that could include additional relevant evidence. Failing that, and failing our setting the motion for live hearing before us, and failing our remanding to the trial court for hearing, our best course is to request the briefing on affidavits and evidence as stated above.

The majority sets bail without regard to constitution, statute, or controlling case law; and, to the extent that evidence of the factors stated in the constitution, statutes, and cases is in the record, that evidence weighs against setting a low bail— bail no higher than that set in the trial court, which was subsequently revoked for the failure to comply with the conditions of bond.[3] Accordingly, I dissent.

---

**3.** I do not herein address the reasonable terms and conditions that should be imposed on Delgado's bond, such as no contact with the victim or her family members, avoiding the use of illegal drugs and consumption of alcoholic beverages, and abiding by the laws of the United States and Texas.