IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00077-CR

 

Jamie Eric Delgado,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2006-1508-C2

 



DISSENT to order setting bail










 

        We reversed Delgado’s second-degree-felony
conviction for indecency with a child by sexual contact and remanded to the
trial court.  See Tex. Penal Code
Ann. § 21.11(a)(1), (c)(1), (d) (Vernon 2003); Delgado v. State,
No. 10-07-00077-CR, 2008 Tex. App. LEXIS 2827 (Tex. App.—Waco Apr. 16,
2008) (not designated for publication) (mem. op.).  Delgado has filed a Motion
for Reasonable Bail Pending Final Determination of Appeal.  See Tex. Code Crim. Proc. Ann. art.
44.04(h) (Vernon 2006).  The majority sets bail at $10,000, noting only, “The
record shows that bail in the trial court was $10,000.”  In limiting its
consideration to what “bail in the trial court was,” the majority ignores what
I believe to be the controlling constitutional provisions governing bail and
the statutory provisions implementing them, as well as the case law
interpreting those provisions.  I dissent.

        Delgado seeks bail under Texas Code of
Criminal Procedure Article 44.04(h), which provides, “If a conviction is
reversed by a decision of a Court of Appeals, the defendant, if in custody, is
entitled to release on reasonable bail . . . pending final
determination of an appeal . . . on a motion for discretionary
review.”  Tex. Code Crim. Proc. Ann.
art. 44.04(h).  

        The amount of bail is governed by
constitutions, statutes, and case law.  

        The United States and Texas Constitutions
provide, “Excessive bail shall not be required . . . .”  U.S. Const. amend. VIII; Tex. Const. art. I, § 13.  

        The
right to release before trial is conditioned upon the accused’s giving adequate
assurance that he will stand trial and submit to sentence if found
guilty. . . .  [T]he modern practice of requiring a bail bond
. . . serves as an additional assurance of the presence of an
accused.  Bail set at a figure higher than an amount reasonably calculated to
fulfill this purpose is “excessive” under the Eighth Amendment.

Stack v. Boyle, 342 U.S. 1, 4-5 (1951) (internal citations omitted); see United
States v. Salerno, 481 U.S. 739, 752-53 (1987); Ex parte Anderer, 61
S.W.3d 398, 399 (Tex. Crim. App. 2001) (bond condition); Grantham v. State, 408
S.W.2d 235, 236 (Tex. Crim. App. 1966); Ex parte Reis, 117 Tex. Crim.
123, 127, 33 S.W.2d 435, 436-37 (1930) (per curiam).  “The primary objective of
the appeal bond,” in particular, “is to secure appellant’s apprehension if his
conviction is subsequently affirmed” on final determination of the appeal.  Ex
parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981); see
Swinnea v. State, 614 S.W.2d 454, 454 (Tex. Crim. App. 1981).

        The Texas Code of Criminal Procedure, in
turn, provides as follows concerning the amount of bail, whether in the trial
court or in an appellate court:

        The
amount of bail to be required in any case is to be regulated by the court,
judge, magistrate or officer taking the bail; they are to be governed in the
exercise of this discretion by the Constitution and by the following rules:

        1.     The
bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

        2.     The
power to require bail is not to be used as to make it an instrument of
oppression.

        3.     The
nature of the offense and the circumstances under which it was committed are to
be considered.

        4.     The
ability to make bail is to be regarded, and proof may be taken upon this point.

        5.     The
future safety of a victim of the alleged offense and the community shall be
considered.

Tex. Code Crim. Proc.
Ann. art. 17.15 (Vernon 2005).  Article
17.15 governs bail under Article 44.04.  See Montalvo v. State, 786
S.W.2d 710, 710-11 (Tex. Crim. App. 1989) (order) (per curiam).

        In Ex parte Rubac, the Texas Court
of Criminal Appeals held, concerning the amount of bail in appellate courts:

In
considering what constitutes reasonable bail on appeal, certain factors should
be considered.  The primary factors are the length of the sentence, and the
nature of the offense.  Other supportive data that th[e] Court deems relevant
includes: petitioner’s work record, family ties, and length of residency,
ability to make the bond, prior criminal record, conformity with previous bond
conditions, other outstanding bonds, and aggravating factors involved in the
offense.

Rubac, 611
S.W.2d at 849-50 (internal citations omitted).  Rubac governs bail under
Article 44.04(h).  See Watson v. State, 158 S.W.3d 647, 648 (Tex.
App.—Waco 2005, order) (per curiam).

        In Montalvo v. Texas, the Court of
Criminal Appeals has suggested that the following factors may be relevant in
setting bail under Article 44.04(h):

1.     Nature of offense;

2.     Ability to make bail;

3.     Prior criminal record;

4.     Conformity with previous bond conditions;

5.     Employment record;

6.     Family ties to community;        [and]

7.     Length
of residence in community[.]

Montalvo, 786 S.W.2d at 711.  “[C]onsideration of each of these itemized factors
is not required, nor is the list necessarily exhaustive of factors that might
be germa[]n[e] in a particular case under article
44.04(h) . . . .”  Id.

        We have held, “[W]hen setting bail under
article 44.04(h) an appellate court should consider: ‘(1) the fact that
the conviction has been overturned; (2) the State’s ability, if any, to
retry the appellant; and (3) the likelihood that the decision of the court
of appeals will be overturned.’”  Watson, 158 S.W.3d at 648 (quoting Aviles
v. State, 26 S.W.3d 696, 699 (Tex. App.—Houston [14th Dist.] 2000, order)).

        Delgado’s motion provides no sworn
evidence, and sparse analysis, in terms of the factors above, and we see little
evidence in the record on those factors.  Delgado’s analysis is as follows, in
its entirety:  “Appellant lives in Waco, Texas, and has family there.  While
there were problems in the record concerning his appearance for a psycho-sexual
examination, Appellant appeared for his plea and for his sentencing.”  (Mot. at
[2].)    Delgado prays that we set bail in the amount of $10,000.

        In similar circumstances, the
Fourteenth Court of Appeals held:

        In his motion, appellant has stated that a
reasonable bail would be $10,000; however, appellant has not provided this
Court with an explanation as to how he arrived at that figure. . . . 
Appellant’s motion is devoid of any sworn facts, argument, or discussion of the
factors generally considered by courts in making the determination as to the
amount of reasonable bail.

        . . . .

        Appellant’s
motion requesting reasonable bail under article 44.04(h) did not discuss or
proffer any evidence on the criteria listed in article 17.15, the Rubac factors,
or the possibility of a retrial by the State.  Accordingly, we order appellant to
file a supplement to his motion requesting bail.  In that motion, appellant
should provide argument and evidence relevant to the criteria and factors
described in this order.  The supplemental motion should be verified to the
extent it depends on facts and evidence not in the record, within the court’s
knowledge in its official capacity, or within the personal knowledge of the
attorney signing the motion.

Aviles v. State, 23 S.W.3d 79, 79-80 (Tex. App.—Houston [14th
Dist.] 2000, order) (per curiam) (citing Tex.
R. App. P. 10.2); see Tex.
Code Crim. Proc. Ann. arts. 17.15, 44.04(h); Rubac, 611 S.W.2d
848.  The court ordered the appellant to file the supplemental motion within
seven days after the date of the order, and ordered State to file a response to
the appellant’s supplemental motion, “also in compliance with the terms of
th[e] order,” within seven days after the latter date.  Aviles, 23
S.W.3d at 80-81. 

        We should likewise order
rebriefing.  

        If, however, we are to consider the
evidence in the record, that evidence argues against setting the bond that the
majority sets.

        When we consider the nature of the alleged
offenses and the circumstances under which they were committed, including the
aggravating factors involved in the offenses, they are abusive.  The indictment
alleged two counts of indecency with a child by sexual contact.[1] 
See Tex. Penal Code Ann. § 21.11(a)(1),
(c)(1).  The State intended to offer the statements of the twelve-year-old
alleged victim, A. L., to outcry witnesses, as follows:  

On
a weekend when her mother was at work, A[.] L[.] was in her mother’s room
on the bed and Jaime Delgado was laying behind her.  A[.] stated that
. . . her dad (Jaime Delgado) slid his hand down into her panties and
touched her private part (vagina) with his hand.  A[.] L[.] stated that she
told her dad to stop and he did, but then started touching her
again. . . .

. . . . 
A[.] disclosed that this has happened “lots of times.”

(I C.R. at 6-7.)

Jaime
Delgado was laying with A[.] on the couch in the living room with Jaime’s back
against the couch and A[.] in front of him, and the defendant touched her on
her private part.  A[.] said that the defendant stuck his hand inside her
panties and touched her private part and began playing with her vagina.

(I C.R. at 6); see Tex. Code Crim. Proc. Ann. art. 38.37, § 1(1),
§§ 2-3 (Vernon Supp. 2007).[2]

        As to Delgado’s current ability to make
bail in the amount of $10,000, I see no evidence in the record.  At the time of
Delgado’s indictment, he was able to make bail in that amount. 

        In considering the future safety of a
victim of the alleged offense and the community, I see no evidence in the
record.  There is nothing is to suggest that Delgado will not return to the
home with A. L.

        The length of Delgado’s sentence was ten
years’ imprisonment.

        As to Delgado’s work record and length of
residency, I see no evidence in the record.

        As to Delgado’s family ties, the evidence
was that either Delgado’s mother and sister were not at the telephone numbers
that Delgado had given for them or that they were not able to contact Delgado. 
The record does not show that Delgado’s sister resided in the trial court’s
jurisdiction.

        As to Delgado’s prior criminal record, his
application for community supervision disclosed three convictions: two for
assault and one for driving while intoxicated.  See Tex. Penal Code Ann. § 22.01(a) (Vernon Supp. 2007), 49.04(a) (Vernon 2003).  The record does not disclose whether those
convictions were for felony or misdemeanor offenses, but, in either case, they
weigh against Delgado.

        As to Delgado’s conformity with previous
conditions of release, it was unfavorable.  Delgado appeared for his plea
hearing.  But Delgado repeatedly failed to appear for the presentence
investigation interview and psychological evaluations that constituted part of
the presentence investigation ordered by the trial court.  Delgado also failed
to appear timely for his sentencing, so that the trial court revoked Delgado’s
bond and ordered it forfeited.  Delgado, in custody, appeared for his reset
sentencing.  

        As to any other outstanding bonds, I see
no evidence in the record.

        I consider the fact that we have
overturned Delgado’s conviction, but here that consideration does not have the
import that it usually does.  We held that the trial court erred in not
allowing Delgado to withdraw his plea of guilty after the trial court decided
not to accept Delgado’s plea-bargain agreement.  That error does not, for
example, hold evidence inadmissible, or otherwise affect the State’s ability to
continue to prosecute Delgado for the offenses charged.  Nor do I believe it
likely that our decision in Delgado’s appeal will be overturned.  Cf.
Delgado, 2008 Tex. App. LEXIS 2827.

        The majority considers only the pretrial
bond set by the trial court.  But the trial court made that determination in November,
2006, before the trial court received evidence of Delgado’s offense, before
Delgado failed to appear as ordered, before Delgado failed to participate in
the court-ordered presentence investigation, before the trial court received
evidence that Delgado did not reside at the address he gave the court and could
not be contacted at the telephone number he gave the court, before the trial
court received evidence that the contacts Delgado gave could not contact him, and
before the trial court found Delgado guilty and sentenced him to ten years’
imprisonment.  While the majority’s approach is easier—it simply relies on what
was done before, notwithstanding that even that bond was subsequently revoked—it
does not rely on even the currently available evidence to set Delgado’s
reasonable bail, in accordance with the constitutions and statutes, sufficient
to give reasonable assurance that he will appear for further proceedings.  Our
alternative, perhaps, is to deny the motion for bail without prejudice to the filing
of another motion that could include additional relevant evidence.  Failing
that, and failing our setting the motion for live hearing before us, and
failing our remanding to the trial court for hearing, our best course is to
request the briefing on affidavits and evidence as stated above.

        The majority sets bail without
regard to constitution, statute, or controlling case law; and, to the extent
that evidence of the factors stated in the constitution, statutes, and cases is
in the record, that evidence weighs against setting a low bail--bail no higher
than that set in the trial court, which was subsequently revoked for the
failure to comply with the conditions of bond.[3] 
Accordingly, I dissent. 

TOM GRAY

Chief
Justice

Dissent
issued and filed June 11, 2008

Publish

[CR25]









          [1] The
State agreed to waive one count in the plea-bargain agreement.  Delgado pleaded
guilty to the remaining count.  The trial court rejected the plea agreement but
refused to allow Delgado to withdraw his plea.  It was this refusal that
resulted in the reversal.





          [2] We
have requested a supplemental record containing the evidence against Delgado
admitted at his plea of guilty, but we have not received the evidence before
the majority issues its order.  That evidence could only further weigh against
Delgado.





          [3] I
do not herein address the reasonable terms and conditions that should be
imposed on Delgado’s bond, such as no contact with the victim or her family
members, avoiding the use of illegal drugs and consumption of alcoholic
beverages, and abiding by the laws of the United States and Texas.