FILE COPY



## COURT OF CRIMINAL APPEALS

P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

**SHARON KELLER**
PRESIDING JUDGE

**LAWRENCE E. MEYERS**
**CHERYL JOHNSON**
**MIKE KEASLER**
**BARBARA P. HERVEY**
**ELSA ALCALA**
**BERT RICHARDSON**
**KEVIN P. YEARY**
**DAVID NEWELL**
JUDGES

**ABEL ACOSTA**
CLERK
(512) 463-1551

**SIAN SCHILHAB**
GENERAL COUNSEL
(512) 463-1597

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUN 2 9 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

Friday, June 19, 2015

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711
\* DELIVERED VIA E-MAIL \*

Austin Reeve Jackson
Attorney at Law
112 East Line, Suite 310
Tyler, TX 75702
\* DELIVERED VIA E-MAIL \*

12th Court Of Appeals Clerk
Cathy Lusk
1517 W. Front, Room 354
Tyler, TX 75701
\* DELIVERED VIA E-MAIL \*

District Attorney Smith County
Matt Bingham
100 N. Broadway
Tyler, TX 75702
\* DELIVERED VIA E-MAIL \*

**Re:** GENTRY, SAMUEL C.
**CCA No.** PD-1312-14
**Trial Court Case No.** 241-1540-12

The Court has this day issued an order for the above referenced cause.

Sincerely,

Abel Acosta, Clerk

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUN 2 9 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1312-14

**SAMUEL C. GENTRY, Appellant**

v.

**THE STATE OF TEXAS**

## ON APPELLANT'S MOTION FOR BAIL PENDING APPEAL UNDER ARTICLE 44.04(h), V.A.C.C.P. FROM THE TWELFTH COURT OF APPEALS SMITH COUNTY

## O R D E R

Appellant was convicted of felony driving while intoxicated after pleading guilty. He was sentenced by a jury to life imprisonment. The Court of Appeals reversed the conviction and remanded the case to the trial court. *Gentry v. State*, No. 12-13-00168-CR (Tex. App.–Tyler August 27, 2014)(not designated for publication). The State filed a petition for discretionary review in this Court.

Appellant has applied to this Court under Article 44.04(h) of the Code of Criminal Procedure, to set a reasonable bail pending final determination of the appeal. However,

before this Court can set bail we must have adequate information upon which to determine a reasonable amount. Appellant fails to provide adequate information. *See Montalvo v. State*, 786 S.W.2d 710 (Tex. Crim. App. 1989).

Therefore, appellant must redraft his request for bail under Article 44.04(h) in order for this Court to set a reasonable bail.

IT IS SO ORDERED this the 19th day of June, 2015.

PER CURIAM

Do not publish.