PD-1558-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/18/2015 9:22:18 AM
Accepted 12/18/2015 10:23:52 AM
ABEL ACOSTA
CLERK

## CAUSE NO.PD-1558-14

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF CRIMINIAL |
| | § | APPEALS |
| | § | |
| | § | |
| | § | |
| **DAVID WEST GAUBATZ** | § | |
| **APPLICANT** | § | **Austin, Texas** |

### MOTION FOR REASONABLE BAIL UNDER TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 44.04(h)

COMES NOW, DAVID WEST GAUBATZ (Applicant) and would show the Court as follows:

1.     On January 9, 2013, Applicant was indicted for Driving While Intoxicated, 3rd or More in Trial Court Cause Number CR29957, in the 253rd Judicial District Court of Liberty County, Texas. Applicant subsequently filed a Motion to Suppress the blood test results from blood taken without a warrant and without permission. On June 6, 2013, Applicant's Motion to Suppress was denied by the Trial Court.

Thereafter, Applicant pled guilty to the Trial Court without a sentencing recommendation, and was sentenced to six (6) years in TDCJ.

2.     Thereafter, Applicant appealed to the 9th Court of Appeals. Applicant posted an appeal bond, and on August 29,2013, Applicant was released from custody pending disposition by the 9th Court of Appeals.  While out on his Appeal bond, Applicant was arrested and convicted in another County for Driving While Intoxicated, 3rd or more, and was sentenced to two (2) years in TDCJ. On

September 30, 2013 Applicant's appeal bond in Cause No. CR29957 was set aside, and Applicant was committed to TDCJ on his six (6) year sentence. On October 29, 2014 in Cause No. 09-13-00401-CR, the 9th Court of Appeals REVERSED and REMANDED Applicants case for a new trial. On November 25, 2014, in Cause No. PD-1558-14, the State of Texas filed it Petition for Discretionary Review. By virtue of Tex. Code Crim. Pro. Art. 44.04(h) Applicant is entitled to be released on reasonable bail set by this Court pending disposition of his case. Applicant is currently incarcerated and has been since the date his appeal bond was set aside on September 30, 2013.

4.     Applicant has been found to be indigent and the undersigned is Court-Appointed Counsel. Request is made for this Court to take judicial notice of the Trial Court's finding of indigency on April 24, 2015. Further, incorporated herein by reference as if set out verbatim as **Exhibit A** is the unsworn declaration of Applicant setting out his financial circumstances and the amount of bond he believes he could make.

5.     Request is made for this Court to set a reasonable bail in accord with Art. Texas Code of Criminal Procedure 44.04(h). Factors to be considered when setting reasonable bail on appeal include:

1.     Nature of offense;

2.     Ability to make bail;

3.      Prior criminal record;

4.      Conformity with previous bond conditions;

5.      Employment record;

6.      Family ties to community;

7.      Length of residence in community.

See *Montalvo v. State*, 786 S.W.2d 710, 710-711 (Tex.Crim.App. 1989). Other factors to be considered after a conviction has been overturned are:

1.      The fact that the conviction has been overturned;

2.      The State's ability (or inability) to retry Appellant; and

3.      The likelihood that the decision of the Court of Appeals will be overturned.

See *Aviles v. State*, 26 S.W.3d 696, 699 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

Information regarding the factors to be considered in setting a reasonable bond are set out in the attached unsworn declaration and are incorporated herein by reference as if set out verbatim.

Further, the fact that the conviction has been overturned is a matter of judicial notice. Whether the State would choose to proceed with re-trial again is something only the State can determine. The likelihood that the decision of the Court of Appeals will be overturned is a matter only the Court of Criminal Appeals can determine.

WHEREFORE PREMISES CONSIDERED, Applicant requests this Court set a reasonable bond.

Respectfully submitted,

LAMEKA ANNE TRAHAN
SBN:24046990
404 Main St.
Liberty, Texas 77575
Tel: (936) 334-8600
Fax: (936) 334-8601

/s/ Lameka A. Trahan /s/
Lameka A. Trahan
ATTORNEY FOR APPLICANT

## CERTIFICATE OF CONFERENCE

On August 7, 2015, a conference was held between Lameka A. Trahan, attorney for DAVID WEST GAUBATZ and Stephen C. Taylor of the Liberty County District Attorney's office; and, Stephen C. Taylor indicated that the State's position is that the State does not agree to a bond and leaves it up to the Court of Criminal Appeals.

/s/ Lameka A. Trahan /s/
Lameka A. Trahan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was delivered to the Liberty County District Attorney's Office Appellate Section via facsimile, on October 14, 2015.

District Attorney Appellate Section
936-336-4644 (fax)

_____/s/ Lameka A. Trahan /s/
Lameka A. Trahan

# CAUSE NO. PD-1558-14

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF CRIMINAL |
| | § | APPEALS |
| | § | |
| | § | |
| | § | |
| DAVID WEST GAUBATZ | § | |
| APPLICANT | § | AUSTIN, TEXAS |

## UNSWORN DECLARATION PURSUANT TO CHAPTER 132 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF LIBERTY | § |

I, DAVID WEST GAUBATZ, TDCJ #01940291, being presently incarcerated in the Liberty County Jail, declare under penalty of perjury that the following is true and correct.

I am the defendant in Cause No. CR29957, styled of State of Texas v. DAVID WEST GAUBATZ, pending in the 253RD Judicial District Court of Liberty County, Texas. Following the denial of my Motion to Suppress the blood test results from blood taken without a warrant and without my permission on June 6, 2013 and subsequent guilty plea, I appealed my case to the 9th Courts of Appeals. In cause number 09-13-00401-CR 9th Court of Appeals REVERSED and REMANDED my case for a new trial.

Pursuant to Tex. Code Crim. Pro. Art. 44.04(h) I am requesting this Court to set a reasonable bail so that I may be released pending disposition of my case. I was found to be indigent by the Trial Court. I continue to be indigent. The following information is provided regarding the assets that I have to be used to make any bond:

I have been incarcerated since September 2013. My Mother sold my truck to pay my unpaid bills, electric, credit cards, etc. That truck was my only asset. My family is unable to help me at this time. My daughter passed away on July 26, 2015, while in police custody. It is under investigation by internal affairs in

Exhibit "A" pg. 1

Houston, Texas. My family had to pay for my Daughter's funeral. Please consider my bail; I need to be with my family at this time. My Mother cannot handle this situation by herself.

Based on the above, I do not have the ability to raise any money to be used to make bail.

I ask this Court to consider these additional facts, if any, in determining my motion:

1. **Nature of offense**: I pled guilty to Driving While Intoxicated, 3rd or More, a third degree felony, without a sentencing recommendation, after my Motion to Suppress the blood test results from blood taken without a warrant and without my permission was denied by the Trial Court.

2. **Ability to make bail**? As set out above I have been incarcerated since September 2013. Since being incarcerated I have no means to make a living.

3. **Prior criminal record**: Possession of Marijuana, ***Driving while Intoxicated***; and, Theft by Receiving.

4. **Conformity with previous bond conditions**: No problem conforming to any conditions.

5. **Employment record**: B.T. Services (electrical), Houston, Texas under Bill Thompson (281-893-0265); Benjamin Electric, Houston, Texas, also under Bill Thompson (eight plus (8+) years with Bill Thompson.); shortly after Bill and I went to Benjamin Electric, I started my own business around 2001. I specialized

Exhibit "A" pg. 2

in neon sign installs and repair. I have a job waiting on me at True Colors Neon doing shop work and service calls under Dan Dobleman (713-783-1942) until I can get my own electrical business back up and running.

**6. Family ties to community**: Kathy and Ronnie Beals, Mother and Stepfather live in Houston; my siblings, Sabrina, Tiffany, and Jeremy, live in Houston and the surrounding areas with their children.

**7. Length of residence in community:** I have lived in this community for forty-two (42) years. I have lived in Houston, Texas and Cypress, Texas, since moving to the area at the age of four (4) from San Antonio, Texas where I was born.

**8. Place of Residence**: Should I be released on bond, I will reside with my parents, Kathy and Ronnie Beals at 9802 Gusty Winds, Houston, Texas 77064.

**9. Transportation**: Should I need assistance with transportation to and from Court, the following person(s) will assist me: Kathy and Ronnie Beals.

I, DAVID WEST GAUBATZ, TDCJ #01940291, being presently incarcerated in the Liberty County Jail, declare under penalty of perjury that the foregoing is true and correct.

Executed on Septmber _____, 2015.

_____
DAVID WEST GAUBATZ

Exhibit "A" pg. 3