**Motion Granted; Order and Dissenting Opinion filed October 18, 2018.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-15-01005-CR
NO. 14-15-01006-CR

_____

## NATHAN RAY FOREMAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1374837 & 1374838

## DISSENT TO EN BANC ORDER SETTING BAIL

I join Chief Justice Frost's dissent to the order setting bail. I write separately also to express my disagreement with the majority's order setting bail at $50,000 bail per offense.

Although appellant is entitled to bail under the statute, his motion contains no details as to why $50,000 is a "reasonable" amount. *See Montalvo v. State,* 786 S.W.2d 710, 711 (Tex. Crim. App. 1989) (setting forth the factors for bail and then noting the applicant thoroughly detailed how he satisfied them). The majority's order cites this court's decision in *Aviles* and then discusses three primary factors. *Aviles v. State*, 26 S.W.3d 696, 698–99 (Tex. App.—Houston [14th Dist.] 2000, order). Other factors *Aviles* held should be considered are set forth in the order but they are not applied and appellant's motion wholly failed to address them. *See* Tex. Code Crim. Proc. arts. 17.15, 44.04(h); *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel op.] 1981). Appellant's motion merely references the trial court's order setting bail pre-trial in July 2015 at $50,000 for each offense. In *Aviles,* at the behest of this court, appellant supported his motion with evidence pertaining to those other factors and this court considered that evidence in determining the amount of bail. *See Aviles*, 26 S.W.3d at 701. Thus, the majority's order is lacking even under *Aviles*.

Furthermore, the majority sets post-trial bail at the same amount as pre-trial after concluding that "appellant's position now is much like his position was before trial." I disagree. At trial, both complainants identified appellant in court as the person "in charge" of their torture and kidnapping. While the complainants, who were hog-tied, were being transported they managed to escape and were shot at in the process. The complainants' testimony as to the latter was corroborated by unimpeached eyewitness testimony. A vehicle was torched to destroy evidence. None of this evidence is affected by the exclusion of the video.

The majority concludes that the "ability to retry appellant may be limited after exclusion of the video surveillance evidence." Given the other evidence at trial, which is inexplicably discounted by the majority, I disagree. The video was used as

2

evidence of appellant's participation. Assuming the complainants are still available to testify, the lack of the video will not necessarily be dispositive.[1]

Considering that the purpose of bail is to secure appellant's presence for trial, the nature of the offenses and the circumstances under which it was committed, the future safety of the complainants, no evidence as to what amount of bail is reasonable, and the fact that appellant committed an offense while on bail before trial, I respectfully dissent to the amount of bail as set by the majority. *See* Tex. Code Crim. Proc. Ann. art. 17.15.

/s/    John Donovan
Justice

En Banc Court consists of Chief Justice Frost and Justices Boyce, Christopher, Jamison, Busby, Donovan, Brown, Wise, and Jewell. (Brown, J. majority) (Frost, C.J., dissenting).
Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant's motion for bond and request for a ruling on that motion both refer to the complainants in this case as "admitted con artists" and suggests for that reason their evidence is insignificant. This court is routinely presented with evidence from witnesses engaged in criminal activities and we have consistently, and rightly, held that it is for the jury to determine their credibility.