

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00032-CR
_____

**DANNY WAYNE ALCOSER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1261-C1 (Counts I, II & III); Honorable Ralph T. Strother, Presiding

January 23, 2020

## ORDER ON MOTION FOR REASONABLE BAIL PENDING APPEAL

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On December 20, 2019, this court reversed Appellant's convictions for the offenses of assault family violence, endangering a child, and interference with emergency request for assistance and remanded the causes to the trial court for a new trial. *See Alcoser v. State*, No. 07-18-00032-CR, 2019 Tex. App. LEXIS 11107, at *2, __S.W.3d __ (Tex. App.—Amarillo Dec. 20, 2019, no pet. h.). Pending before this court is Appellant, Danny

Wayne Alcoser's motion to set reasonable bail pursuant to article 44.04(h) of the Texas Code of Criminal Procedure. The State did not file a response to the motion. We grant the motion.

Article 44.04(h) of the Texas Code of Criminal Procedure provides that upon reversal of a conviction, a defendant is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of the appeal by the State or defendant on petition for discretionary review. If a defendant requests bail before a petition for discretionary review has been filed, the court of appeals determines the amount of bail. TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2018).

Because Appellant has filed his motion requesting bail prior to the filing of a petition for discretionary review in the Texas Court of Criminal Appeals, this court is tasked with setting the amount of bail. *Id.* Article 17.15 of the Code sets factors for guiding this court in setting a reasonable bail. Those factors are as follows:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2015).

The Texas Court of Criminal Appeals, in weighing the primary objective of bail as security to apprehend an appellant if his conviction is subsequently affirmed, added more factors to consider in setting reasonable bail. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). Those factors include (1) the length of the sentence; (2) the nature of the offense; (3) work history; (4) family and community ties; (5) length of residency; (6) ability to make bond; (7) criminal history; (8) conformity with previous bond conditions; (9) existence of other outstanding bonds; and (10) aggravating factors involved in the offense. *See id. See also Montalvo v. State*, 786 S.W.2d 710, 711 (Tex. Crim. App. 1989) (per curiam).

According to Appellant's motion, reasonable bail would be the amount set for his pretrial bail which was set by the trial court at $35,000 ($25,000 for assault family violence, $5,000 for endangering a child, and $5,000 for interference with emergency request for assistance). Conditions of his pretrial bond included that he not communicate with or be near the complainant and comply with a curfew, which he claims to have followed. Because the State has not filed a reply challenging the suggested amounts, we give great weight to the trial court's judgment in setting pretrial bail. That being said, because we are setting bail following a prior conviction that has been reversed, certain factors are before this court that were not before the trial court, as discussed above.

Accordingly, we grant Appellant's motion for reasonable bail and hereby set bail in the amount of $75,000, pending final determination of his appeal. We order that Appellant be released from incarceration upon his posting of bail in the amount of $75,000, subject to the same terms and conditions as previously imposed. *See* TEX. R. APP. P. 51.2(c)(1)

(noting that upon reversing a conviction for a new trial, a defendant in custody who is entitled to bail "must be released upon giving bail").

It is so ordered.

Per Curiam

Do not publish.