

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00028-CR

_____

**JEREMY DAVID SPIELBAUER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 26,626-C; Honorable Ana Estevez, Presiding

February 24, 2020

## ORDER ON MOTION TO SET REASONABLE BAIL

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On January 22, 2020, this court reversed the murder conviction of Jeremy David Spielbauer and remanded the cause to the trial court for a new trial. *See Spielbauer v. State*, __ S.W.3d __, No. 07-18-00028-CR, 2020 Tex. App. LEXIS 591, at *1 (Tex. App.—Amarillo Jan. 22, 2020, no pet. h.). Pending before this court is Appellant's motion to set reasonable bail pursuant to article 44.04(h) of the Texas Code of Criminal Procedure.

The State filed a response.  We grant the motion and hereby set bail in the amount of $500,000.

Article 44.04(h) of the Texas Code of Criminal Procedure provides that upon reversal of a conviction, a defendant is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of the appeal by the State or defendant on petition for discretionary review.  If a defendant requests bail before a petition for discretionary review has been filed, the court of appeals determines the amount of bail.  TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2018).

Because Appellant has filed his motion requesting bail prior to the filing of a petition for discretionary review in the Texas Court of Criminal Appeals, this court is tasked with setting the amount of bail.  *Id.*  Article 17.15 of the Code sets factors for guiding this court in setting a reasonable bail.  Those factors are as follows:

1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.  The power to require bail is not to be so used as to make it an instrument of oppression.

3.  The nature of the offense and the circumstances under which it was committed are to be considered.

4.  The ability to make bail is to be regarded, and proof may be taken upon this point.

5.  The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2015).

The Texas Court of Criminal Appeals, in weighing the primary objective of bail as security to apprehend an appellant if his conviction is subsequently affirmed, added more

2

factors to consider in setting reasonable bail. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). Those factors include (1) the length of the sentence; (2) the nature of the offense; (3) work history; (4) family and community ties; (5) length of residency; (6) ability to make bond; (7) criminal history; (8) conformity with previous bond conditions; (9) existence of other outstanding bonds; and (10) aggravating factors involved in the offense. *See id.* *See also Montalvo v. State*, 786 S.W.2d 710, 711 (Tex. Crim. App. 1989) (per curiam). In *Aviles v. State*, 26 S.W.3d 696, 698 (Tex. App.— Houston [14th Dist.] 2000, order), the court of appeals noted other factors to consider which include (1) the fact that the conviction was overturned, (2) the State's ability, if any, to retry the appellant, and (3) the likelihood that the decision of the court of appeals will be overturned.

By his motion, Appellant references evidence from a pretrial hearing on a writ of habeas corpus in which the trial court reduced his bond from $500,000 to $400,000. *See Spielbauer v. State*, No. 07-18-00028-CR, 2016 Tex. App. LEXIS 9106, at *5 (Tex. App.— Amarillo Aug. 19, 2016, order) (affirming the trial court's reduction of bail from $500,000 to $400,000). The testimony at the pretrial hearing, however, established he could only make a $130,000 to $140,000 bond. Appellant was unable to make bond and has been in continuous custody since his arrest in 2016.

Appellant suggests that a bond of $150,000 and any conditions set by the trial court would satisfy the article 17.15 factors and those additional factors expressed by the Texas Court of Criminal Appeals. He suggests that based on the amount of bail set by the trial court, any amount in excess of $400,000 may be oppressive. To support his position for a reduction in the amount of bail, Appellant submits he has no prior criminal

3

history. He has ties to the community and contends he is not a flight risk. He also notes that he voluntarily assisted law enforcement during the murder investigation, to his detriment. Appellant concedes that based on this court's reasoning for reversing his conviction, he will more than likely be retried by the State. He cannot, however, predict how the Texas Court of Criminal Appeals will review this court's decision.

In its response, the State concedes Appellant has ties to the community. However, the State takes issue with Appellant's suggestion that he assisted law enforcement during the investigation. The State posits that Appellant's "voluntary assistance" was "a ploy" to mislead law enforcement and that his lies resulted in an innocent person's incarceration for over a year. The State asserts that the evidence presented at Appellant's pretrial hearing on his writ of habeas corpus did not establish his ability to make bond.

The State notes that it cannot predict how the Texas Court of Criminal Appeals will dispose of its impending petition for discretionary review now that its motion for rehearing has been denied. However, it anticipates a reversal of this court's decision to reverse Appellant's conviction.

We give great weight to the trial court's judgment in setting pretrial bail. That being said, because we are setting bail following a prior conviction that has been reversed, certain factors are before this court that were not before the trial court. Accordingly, we grant Appellant's motion for reasonable bail and hereby set bail in the amount of $500,000 pending final determination of his appeal. We order that Appellant be released from incarceration upon his posting of bail subject to the same terms and conditions as previously imposed. *See* TEX. R. APP. P. 51.2(c)(1) (providing for release of the accused

4

upon the giving of bail when an appellate court has reversed the trial court's judgment and ordered a new trial).

It is so ordered.

Per Curiam

Do not publish.